PEOPLE v VALENTIN

Docket No. 108160. Argued January 6, 1998 (Calendar No. 5). Decided April 14, 1998.

Anthony Valentin, a juvenile whose jurisdiction was waived automatically to Detroit Recorder's Court, pleaded guilty of possession with intent to deliver 650 grams or more of cocaine. The court, Dalton A. Roberson, J., sentenced him to juvenile probation and committed him to the custody of the state as a juvenile ward until his twenty-first birthday. Thereafter, he was paroled and released into his parent's custody. Subsequently, he was arrested for carrying a concealed weapon in an automobile. Upon conviction of this offense, the court revoked the defendant's juvenile probation and sentenced him to mandatory life imprisonment without the possibility of parole for the original offense. The Court of Appeals, REILLY and M. E. KOBZA, JJ. (JANSEN, P.J., concurring in part and dissenting in part), reversed, holding the defendant's sentence to be contrary to MCL 771.7(1); MSA 28.1137(1) and MCR 6.933(B)(1), and remanded the case to require resentencing for a term of years (Docket No. 170428). The people appeal.

In an opinion by Justice BOYLE, joined by Chief Justice MALLETT, and Justices BRICKLEY, WEAVER, and TAYLOR, the Supreme Court held:

A mandatory life sentence is not authorized under MCL 771.7(1); MSA 28.1137(1) and MCR 6.933(B)(1). Rather, given that the statute authorizes the sentencing court to sentence a juvenile defendant to a term of years that may not exceed the penalty that could have been imposed for the offense for which the juvenile was originally convicted, under the circumstances in this case, a sentence of any term of years is authorized. No term of years exceeds the mandatory life penalty authorized for the offense.

1. MCL 771.7(1); MSA 28.1137(1), the automatic waiver statute, demonstrates a clear legislative intent to treat juveniles like adults for all crimes arising out of enumerated criminal activity. However, MCL 769.1(3); MSA 28.1072(3) authorizes a trial court to exercise discretion in deciding if juvenile probation is an appropriate sentence where a juvenile is convicted as an adult. MCL 771.7(1); MSA 28.1137(1) requires revocation of probation for certain subsequent convictions and imposition of a sentence of a term of years not to

exceed the penalty that could have been imposed for the offense for which the juvenile was originally convicted. The penalty not to be exceeded in this case is mandatory life. While MCL 771.7(1); MSA 28.1137(1) requires a term of years not to exceed that penalty, it does not clearly exclude imposition of a mandatory life sentence where required for the original conviction.

2. Although the governing provisions of the controlled substances act demonstrate a clear legislative intent to provide a mandatory life sentence for possession with intent to deliver 650 grams or more of a controlled substance, MCL 769.1(3); MSA 28.1072(3) demonstrates a legislative intent to provide trial courts with the discretion to depart from the mandatory life or other applicable sentence where the circumstances warrant such a departure in the case of a juvenile tried as an adult. Thus, the Legislature has demonstrated three competing interests: the intent to confer exclusive jurisdiction in the circuit courts for the preconviction process with respect to juveniles who commit specified offenses, the intent to authorize the imposition of the penalty imposed on adults for conviction of the offense in question, and an intent to give discretion to the circuit courts when sentencing juveniles convicted of specified adult offenses, including the offense in question.

3. The statutory scheme involved in this case does not demonstrate a legislative intent to treat juveniles who are sentenced within the juvenile offender system differently than other offenders, including juveniles sentenced as adults. Juveniles who come within the jurisdiction of the adult system by automatic waiver are not sentenced within the juvenile offender system when they are sentenced to probation under MCL 769.1(3); MSA 28.1072(3). Rather, they are sentenced within the adult system with a sentence that is an alternative to the normal adult penalty. MCL 769.1(10), 769.1b, 771.7(1); MSA 28.1072(10), 28.1073(1), 28.1137(1) make clear that circuit court jurisdiction over juvenile defendants convicted as adults continues after the imposition of a sentence under MCL 769.1(3); MSA 28.1072(3). The Legislature's use of distinct language referencing a term of years in the juvenile provision, however, demonstrates an intent to remove authorization for imposition of a mandatory life sentence under these circumstances. Comparing the language of MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i) with other statutes that describe penalties authorized on revocation, the Legislature intended to authorize imposition, under these circumstances, of a term of years to the exclusion of a mandatory life sentence. In addition, the language of MCL 771.7(1); MSA 28.1137(1) demonstrates an intent to exclude a

mandatory life sentence when considered in light of MCL 771.4; MSA 28.1134. Further, MCL 769.1(5); MSA 28.1072(5) now provides another alternative to a mandatory life sentence for juveniles over whom jurisdiction is waived to the circuit court on charges under MCL 333.7401; MSA 14.15(7401), MCL 333.7403; MSA 14.15(7403), a term of years not less than twenty-five years.

Justice CAVANAGH, joined by Justice KELLY, concurring, stated that because the phrase "term of years" in MCL 771.7(1); MSA 28.1137(1) plainly excludes the imposition of a life sentence, it is not necessary to look further than the statute itself to find that the trial court erred by imposing a life sentence. The statute plainly requires the sentence imposed to be one of a term of years.

Affirmed.

220 Mich App 401; 559 NW2d 396 (1996) affirmed.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, *Timothy A. Baughman*, Chief, Research, Training and Appeals, and *Douglas P. Dwyer*, Assistant Prosecuting Attorney, for the people.

*David S. Newman* for defendant-appellee.

Amicus Curiae:

*Thomas M. Harp* and *William E. Ladd* for Criminal Defense Attorneys of Michigan.

BOYLE, J. We granted leave to determine whether MCL 771.7(1); MSA 28.1137(1) and MCR 6.933(B)(1) require a trial court to sentence a juvenile defendant as to whom juvenile court jurisdiction was automatically waived, and who originally had been sentenced to juvenile probation, to a term of years after revocation of probation where the original offense carried a mandatory life sentence. We hold that a life sentence is not authorized, under MCL 771.7(1); MSA 28.1137(1) and MCR 6.933(B)(1). Rather, given that the statute authorizes the sentencing court to sen-

tence the juvenile defendant to "a term of years that shall not exceed the penalty that could have been imposed for the offense for which the juvenile was originally convicted," the statute, under these circumstances, authorizes a sentence of any term of years. No term of years exceeds the mandatory life penalty authorized for the offense. We affirm the Court of Appeals remand for resentencing.

I

In 1989, sixteen-year-old defendant Anthony Valentin was charged with possession with intent to deliver 650 grams or more of cocaine[1] and possession of a firearm during the commission of a felony.[2] The Wayne County Prosecutor filed a complaint, automatically waiving jurisdiction of defendant to the Recorder's Court.[3] On January 11, 1990, defendant pleaded guilty to the possession with intent to deliver charge. The trial court sentenced him to juvenile probation and committed him to the custody of the state as a juvenile ward until his twenty-first birthday.[4] On the same day, defendant was sentenced to terms of one to twenty years in two separate cases involving delivery of more than 50 grams of cocaine before a different Recorder's Court judge.

On September 11, 1991, defendant appeared before the trial court in this case and informed the court that he was approaching eligibility for parole from the adult penal system on the separate offenses. Pursuant

---

[1] MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i).

[2] MCL 750.227b; MSA 28.424(2).

[3] MCL 764.1f; MSA 28.860(6), MCL 725.10a(1)(c); MSA 27.3950(1)(1)(c), MCL 600.606; MSA 27A.606.

[4] MCL 769.1(3); MSA 28.1072(3).

to the recommendation of the Department of Social Services, the trial court amended the juvenile probation sentence to authorize release into the custody of his parents if he was paroled. Defendant was paroled on November 22, 1991.

Defendant was arrested for carrying a concealed weapon in an automobile[5] four months after his parole and release into his parents' custody. Upon conviction of this offense, the trial court in the present case revoked defendant's juvenile probation. The court sentenced defendant to mandatory life imprisonment without the possibility of parole on the conviction of possession with intent to deliver 650 grams or more of cocaine.

Defendant appealed as of right, arguing that MCL 771.7(1); MSA 28.1137(1) and MCR 6.933(B)[6] require a sentence of a "term of years." The Court of Appeals reversed defendant's sentence as contrary to the statute and court rule, and remanded the case to the trial court for resentencing. 220 Mich App 401; 559 NW2d 396 (1996). We granted the prosecutor's application for leave to appeal. 456 Mich 851 (1997).

II

In resolving disputed interpretations of statutory language, it is the function of the reviewing court to effectuate the legislative intent. *Nation v W D E Electric Co*, 454 Mich 489, 494; 563 NW2d 233 (1997). If the language used is clear, the Legislature must have intended the meaning it has plainly expressed, and the statute must be enforced as written. *Id.* However,

---

[5] MCL 750.227(2); MSA 28.424(2).

[6] For the sake of convenience, both statute and court rule are hereinafter referenced as MCL 771.7(1); MSA 28.1137(1).

if a statute is susceptible to more than one interpretation, the court must engage in judicial construction, and "a statute that is unambiguous on its face can be 'rendered ambiguous by its interaction with and its relation to other statutes.'" *People v Denio*, 454 Mich 691, 699; 564 NW2d 13 (1997).

The prosecutor argues that the Court of Appeals erred in requiring the trial court to impose a term of years under the revocation statute, and that a mandatory life sentence under the controlled substances act is required. The defendant counters that a term of years is required and that a mandatory life sentence may not be imposed under the revocation statute. We conclude that MCL 771.7(1); MSA 28.1137(1) requires imposition of a term of years.

A

The automatic waiver statute demonstrates a clear legislative intent "to treat juveniles like adults for all crimes arising out of enumerated criminal activity." *People v Veling*, 443 Mich 23, 39; 504 NW2d 456 (1993). Thus, "the Legislature . . . intended to treat [such] juvenile offenders . . . more harshly by providing adult penalties for certain crimes." *Id.* at 27. The adult penalty for the crime committed by this defendant is mandatory life, and this penalty manifests a clear legislative intent to treat persons convicted of possession with intent to deliver 650 grams or more of a specified controlled substance with the harshest penalty available under Michigan law. However, MCL 769.1(3); MSA 28.1072(3) authorizes the trial court's exercise of discretion in deciding if juvenile probation is an appropriate sentence where a juvenile is convicted as an adult.

MCL 771.7(1); MSA 28.1137(1) requires revocation of probation for a subsequent conviction of a felony or misdemeanor punishable by more than one year in prison, and imposition of a sentence of "a term of years that shall not exceed the penalty that could have been imposed for the offense for which the juvenile was originally convicted . . . ." The *penalty* not to be exceeded here is a mandatory life sentence. However, while MCL 771.7(1); MSA 28.1137(1) *requires* a term of years not to exceed that penalty, the statute does not in clear terms exclude imposition of a mandatory life sentence where imposition of that sentence was required for the original conviction.[7]

B

MCL 771.7(1); MSA 28.1137(1) provides in relevant part:

> If a juvenile placed on probation and committed under section 1(3) or (4) and chapter IX to a state institution or agency described in the youth rehabilitation services act . . . is found by the court to have violated probation by being convicted of a felony or a misdemeanor punishable

---

[7] The Legislature has amended the statutory scheme for sentencing juveniles as adults, eliminating the possibility for probation where a juvenile is convicted of certain offenses, including first-degree murder. See MCL 769.1(1), (3), (5); MSA 28.1072(1), (3), (5), as amended by 1996 PA 247, 248. These amendments apply only to offenses committed after January 1, 1997, the effective date of the amendments. The Legislature's recent amendment of MCL 333.7401; MSA 14.15(7401) and MCL 333.7403; MSA 14.15(7403) by 1996 PA 249, provides an alternative sentence of a term of years not less than twenty-five years for juveniles convicted as adults thereunder. Our analysis is not intended to construe the amendatory language, but is confined to the statutory scheme in effect at the time defendant was convicted. However, we note that the amendments that appear to confer greater discretion on the trial courts when sentencing juvenile defendants for adult drug convictions under MCL 333.7401; MSA 14.15(7401) and MCL 333.7403; MSA 14.15(7403) demonstrate a legislative intent consistent with our conclusion here.

by imprisonment for more than 1 year, the court shall
revoke probation and order the juvenile committed to the
department of corrections *for a term of years that shall not
exceed the penalty that could have been imposed for the
offense for which the juvenile was originally convicted* and
placed on probation with credit granted against the sen-
tence for the period of time the juvenile served on proba-
tion. [Emphasis added.][8]

Defendant was originally convicted of posses-
sion with intent to deliver 650 or more grams of
cocaine under MCL 333.7401(2)(a)(i); MSA
14.15(7401)(2)(a)(i), which provided at the relevant
time that any person who is so convicted "shall be
imprisoned for life." However, the trial court sen-
tenced defendant to juvenile probation under MCL
769.1(3); MSA 28.1072(3), which provides in relevant
part:

[A] judge of a court having jurisdiction over a juvenile
shall conduct a hearing at the juvenile's sentencing to deter-
mine if the best interests of the public would be served by
placing the juvenile on probation and committing the juve-
nile to a state institution or agency described in . . . sec-
tions 803.301 to 803.309 of the Michigan Compiled Laws, or
by imposing any other sentence provided by law for an
adult offender.

MCL 769.1(3); MSA 28.1072(3) demonstrates the
Legislature's intent to provide an alternative to the
sentence provided by law where the judge has deter-
mined that such treatment is appropriate for a juve-
nile offender. In other words, whereas the governing

---

[8] Similarly, MCR 6.933(B)(1) provides for commitment of the juvenile
"to the department of corrections for a term of years not to exceed the
penalty that could have been imposed for the offense that led to the
probation."

provisions of the controlled substances act demonstrate a clear legislative intent to provide a mandatory life sentence for possession with intent to deliver 650 grams or more of a controlled substance, MCL 769.1(3); MSA 28.1072(3) demonstrates a legislative intent to provide trial courts with the discretion to depart from the mandatory life or other applicable sentence where the circumstances warrant such a departure in the case of a juvenile tried as an adult. Thus, the Legislature has demonstrated three competing interests: the intent to confer exclusive jurisdiction in the circuit courts for the preconviction process with respect to juveniles who commit specified offenses, the intent to authorize the imposition of the penalty imposed on adults for conviction of the offense in question, and an intent to give discretion to the circuit courts when sentencing juveniles convicted of specified adult offenses, including the offense in question.

We do not agree with the Court of Appeals that the statutory scheme involved in this case demonstrates a legislative intent "to treat juveniles who are sentenced within the juvenile offender system differently than other offenders, including juveniles sentenced as adults." 220 Mich App 413. Juveniles who come within the jurisdiction of the adult system by automatic waiver are not "sentenced within the juvenile offender system" when they are sentenced to probation under MCL 769.1(3); MSA 28.1072(3). They are sentenced within the adult system with a sentence that is an alternative to the normal adult penalty. MCL 769.1(10), 769.1b, 771.7(1); MSA 28.1072(10), 28.1073(1), 28.1137(1) make clear that circuit court jurisdiction over juvenile defendants convicted as

adults continues after the imposition of a sentence under MCL 769.1(3); MSA 28.1072(3).

As Justice RILEY noted, writing for the Court in *Denio, supra* at 699, a statute may appear to be clear on its face, but be rendered ambiguous by its interaction with other statutes. Considering this statute's use of the phrase "term of years," a term of art under Michigan law,[9] the failure to expressly exclude the mandatory life penalty and the legislative intent underlying the mandatory life penalty in MCL 333.7401(2)(a)(i); MSA 14.15(7401)(2)(a)(i), we cannot rely on "plain meaning." Nevertheless, comparing the language of this statute with other statutes that describe penalties authorized on revocation, we find that the Legislature intended to authorize imposition, under these circumstances, of a term of years to the exclusion of a mandatory life sentence. For example, since its inception in 1927, 1927 PA 175, ch 11, § 4, MCL 771.4; MSA 28.1134, the general probation revocation provision has provided in relevant part:

> If a probation order is revoked, the court may proceed to sentence the probationer in the same manner and to the same penalty as the court might have done if the probation order had never been made.

Likewise, the Legislature provided clear guidance with regard to sentencing for certain offenses, not including drug offenses, in the version of MCL 769.1;

---

[9] The indeterminate sentencing act, MCL 769.9(2); MSA 28.1081(2), states that "[i]f the sentence imposed by the court is for any term of years, the court shall fix both the minimum and the maximum of that sentence in terms of years or fraction thereof . . . ." The indeterminate sentencing act supports our conclusion because MCL 771.7(1); MSA 28.1137(1) would conflict therewith if it were interpreted to authorize imposition of a mandatory life sentence.

MSA 28.1072 in effect since 1996. Subsection 1 now provides that where a juvenile commits one of the offenses specified therein, "[t]he court shall sentence a juvenile . . . in the same manner as an adult . . . ." Elsewhere, the current version of MCL 712A.18(1)(n); MSA 27.3178(598.18)(1)(n) provides that juveniles convicted of adult offenses in probate court are subject to "any sentence . . . that could be imposed upon an adult convicted of the offense for which the juvenile was convicted."

We conclude that the language of MCL 771.7(1); MSA 28.1137(1) demonstrates an intent to exclude a mandatory life sentence when considered in light of MCL 771.4; MSA 28.1134. The Legislature is obviously capable of using language that straightforwardly expresses its intent to authorize the penalty that could have been imposed had a probationary sentence not been passed. The provision at issue does not do so.

We conclude that the Legislature's use of distinct language referencing a term of years in the juvenile provision demonstrates an intent to remove authorization for imposition of a mandatory life sentence under these circumstances. Had the Legislature intended authorization of a mandatory life sentence upon revocation of juvenile probation under circuit court order, it would have used the familiar terminology used in the adult provision.

The trial judge sentenced the defendant under the misconception that a mandatory life sentence was required, thereby failing to give full consideration and effect to MCL 771.7(1); MSA 28.1137(1). Our conclusion gives effect to the legislative purpose requiring juvenile offenders to be subject to the jurisdiction

and penalties of the adult system, and to its apparent intent in MCL 769.1(3); MSA 28.1072(3) and MCL 771.7(1); MSA 28.1137(1) that, despite the juvenile's commission of another offense while sentenced pursuant to alternative remedies, the trial court shall exercise discretion in sentencing juveniles previously convicted of specified adult offenses.

C

Finally, we acknowledge that when the Legislature amended MCL 771.4; MSA 28.1134 to exclude certain juveniles from the generally applicable penalty on revocation and enacted a new MCL 771.7; MSA 28.1137, it simply may have made a mistake in failing to authorize mandatory life as a penalty for violation of probation. However, we are faced with deciding the case before us. Although our conclusion applies to cases arising under the controlled substances act before January 1, 1997, it is fortified by later amendment of the controlled substances act[10] to provide differential treatment for juveniles convicted of mandatory life drug offenses as adults. See n 7. The new provisions provide that violators of the provisions criminalizing possession and possession with intent to deliver 650 grams or more of a specified controlled substance

> shall be imprisoned for life *except as otherwise provided in this subparagraph. A person convicted of violating this subparagraph may be punished as provided by law by imposing a sentence of imprisonment for any term of*

___

[10] 1996 PA 247, 248, and 249, effective January 1, 1997, amending MCL 333.7401; MSA 14.15(7401), MCL 333.7403; MSA 14.15(7403), and MCL 769.1; MSA 28.1072.

*years but not less than 25 years if any of the following
apply*:

*(A) The person is within the jurisdiction of the circuit
court or recorder's court of the city of Detroit under [MCL
600.606; MSA 27A.606] [automatic waiver of jurisdic-
tion]* . . . , *[MCL 712A.4; MSA 27.3178(598.4)] [waiver of
jurisdiction]* . . . . [Emphasis added.]

More specifically, MCL 769.1(5); MSA 28.1072(5)
now provides:

> If a juvenile is convicted of a violation or conspiracy to
> commit a violation of [MCL 333.7401; MSA 14.15(7401) and
> MCL 333.7403; MSA 14.15(7403)], the court shall determine
> whether the best interests of the public would be served by
> imposing the sentence provided by law for an adult
> offender, by placing the individual on probation and com-
> mitting the individual to a state institution or agency under
> subsection (3), or by imposing a sentence of imprisonment
> for any term of years but not less than 25 years. If the court
> determines by clear and convincing evidence that the best
> interests of the public would be served by imposing a sen-
> tence of imprisonment for any term of years but not less
> than 25 years, the court may impose that sentence. In mak-
> ing its determination, the court shall use the criteria speci-
> fied in subsection (3).

It appears that the Legislature has now provided
another alternative to a mandatory life sentence for
juveniles over whom jurisdiction is waived to the cir-
cuit court on charges under MCL 333.7401; MSA
14.15(7401), MCL 333.7403; MSA 14.15(7403), a term
of years not less than twenty-five years.

III

Although the precise issue before us is the correct-
ness of the Court of Appeals determination that a
*mandatory* life sentence was not authorized, in order

to provide guidance to the trial court on resentencing, we also find that the statute does not authorize a *permissive* or parolable life sentence. This question is complicated by this Court's jurisprudence regarding whether the sentences stated in the phrase "life or any term of years" express congruent or conflicting periods,[11] and we acknowledge that an answer to this question is more tentative than our conclusion regarding mandatory life. The Legislature might well have decided to except juveniles from mandatory life sentences under these circumstances without reaching the issue of permissive life.[12] However, there are many statutes in which the Legislature has chosen to impose a sentence of "life or any term of years" as the punishment for a given offense.[13] The Legislature did not choose to employ this familiar phrase in its treatment of revocation of juvenile probation for automatically waived offenses. Thus, we conclude that permissive life is not authorized under MCL 771.7(1); MSA 28.1137(1).

IV

We affirm the result in the Court of Appeals and remand the case to the trial court for further proceedings consistent with this opinion.

---

[11] See, e.g., *People v Moore*, 432 Mich 311, 317; 439 NW2d 684 (1989); *People v Johnson*, 421 Mich 494, 500; 364 NW2d 654 (1984) (BOYLE, J., dissenting).

[12] The Legislature also might not have realized that a potential effect of MCL 771.7(1); MSA 28.1137(1) would be an invitation to trial judges to impose "basketball score" sentences when life is not an available option. Cf. *People v Lemons*, 454 Mich 234, 258; 562 NW2d 447 (1997) (a sentence for a term of years is valid where it is within the specified range, indeterminate, and proportionate).

[13] See, e.g., MCL 750.91; MSA 28.286 (attempted murder); MCL 750.157b; MSA 28.354(2) (solicitation to commit murder); MCL 750.317; MSA 28.549 (second-degree murder).

MALLETT, C.J., and BRICKLEY, WEAVER, and TAYLOR, JJ., concurred with BOYLE, J.

CAVANAGH, J. (*concurring*). I agree with the conclusion reached by the majority, but write separately to indicate that I do so because the phrase "term of years" in MCL 771.7(1); MSA 28.1137(1) plainly excludes the imposition of a life sentence. That being the case, I need look no further than the statute itself to find the trial court to have erred in imposing a life sentence, when the statute plainly requires the sentence imposed to be one of a "term of years."

KELLY, J., concurred with CAVANAGH, J.