PEOPLE v BUEHLER (ON REMAND)

Docket No. 254298. Submitted April 11, 2006, at Lansing. Decided July
        25, 2006, at 9:10 a.m. Leave to appeal sought.

    Nicholas Buehler pleaded no contest to a charge of indecent expo-
        sure, MCL 750.335a, and guilty to a charge of being a sexually
        delinquent person, MCL 750.10a, in the Ottawa Circuit Court.
        Although the sentencing guidelines recommended a minimum
        sentence of 42 to 70 months' imprisonment, the court, Calvin L.
        Bosman, J., departed from the guidelines on the basis of the
        defendant's recent sobriety and imposed a sentence of three years'
        probation. The Court of Appeals upheld the defendant's sentence,
        reasoning that the Legislature's use of the disjunctive "or" and the
        phrase "may be" in MCL 767.61a and 750.335a before it was
        amended by 2005 PA 300 indicated a clear intent to provide a
        discretionary and alternative sentencing scheme for people con-
        victed of indecent exposure. 268 Mich App 475 (2005). The
        Supreme Court vacated the Court of Appeals judgment and
        remanded the case for consideration of (1) whether the circuit
        court provided substantial and compelling reasons for imposing a
        sentence that departed from the guidelines, and (2) whether any
        term of imprisonment the circuit court may impose was controlled
        by the legislative sentencing guidelines or by the indeterminate
        sentence prescribed by MCL 750.335a. 474 Mich 1081 (2006).

    On remand, the Court of Appeals *held*:

    1. The fact that the defendant had been maintaining his
sobriety was not a substantial and compelling reason to depart
from the sentencing guidelines, because the notion that the
defendant could control his conduct while sober was not objective
and verifiable. Nevertheless, the defendant's sentence is valid
because the trial court imposed a sentence of probation rather
than imprisonment, making the failure to articulate a substantial
and compelling reason for departure irrelevant.

    2. Of the two conflicting statutes that govern sentences of
imprisonment for indecent exposure, although the version of MCL
750.335a that governed the defendant's sentence is more specific
with respect to the term of imprisonment that a court may impose,

the more recently enacted sentencing guidelines are controlling because they best express the Legislature's intent.

Affirmed.

SENTENCES — INDECENT EXPOSURE — SEXUALLY DELINQUENT PERSONS — IMPRISONMENT.

A sentence of imprisonment imposed on a defendant convicted of indecent exposure as a sexually delinquent person under MCL 750.335a before it was amended by 2005 PA 300 is controlled by the legislative sentencing guidelines rather than the indecent exposure statute (MCL 750.335a, 769.34[2]).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*, Solicitor General, *Ronald J. Frantz*, Prosecuting Attorney, and *Gregory J. Babbitt*, Assistant Prosecuting Attorney, for the people.

*Law Office of John R. Moritz, P.C.* (by *John R. Moritz*), for the defendant.

ON REMAND

Before: HOEKSTRA, P.J., and ZAHRA and MURRAY, JJ.

PER CURIAM. This case is before us on remand from our Supreme Court. In our prior opinion, we determined that the plain and unambiguous language of MCL 750.335a afforded a trial court discretion to impose alternative sentences of probation or imprisonment when sentencing a person convicted of indecent exposure as a sexually delinquent person.[1] See *People v Buehler*, 268 Mich App 475, 478-480; 710 NW2d 55 (2005), vacated 474 Mich 1081 (2006). Thus, we affirmed defendant's sentence of three years' probation for his April 28, 2003, conviction of indecent exposure

---

[1] Although not before us, we note that following the release of our prior opinion on October 27, 2005, MCL 750.335a was amended in a manner that arguably removes such discretion from the trial court. See 2005 PA 300, immediately effective December 21, 2005.

as a sexually delinquent person, MCL 750.335a and MCL 750.10a. However, because the trial court exercised the sentencing discretion afforded it by MCL 750.335a in favor of a sentence of probation, we declined to consider whether a court is bound, when sentencing such a defendant to a term of imprisonment, by the indeterminate term of imprisonment for one day to life expressly set forth in MCL 750.335a, or by the more recently enacted legislative sentencing guidelines. *Id.* at 478.

On remand, we have been directed to consider whether the trial court provided substantial and compelling reasons for imposing a sentence that it acknowledged was a departure from the sentencing guidelines. See *People v Buehler*, 474 Mich 1081 (2006). The Court has also directed that we consider "whether any term of imprisonment that may be imposed by the [trial] court is controlled by the legislative sentencing guidelines or by the indeterminate sentence prescribed by MCL 750.335a." *Id.* Having considered these questions, we conclude that the trial court's stated basis for imposing a probationary sentence does not equate to the substantial and compelling reason required for departing from a sentence imposed under the guidelines, and that any term of imprisonment imposed by the trial court would in fact be controlled by the more recently enacted legislative sentencing guidelines. Nonetheless, we again hold that because the version of MCL 750.335a in effect at the time defendant committed his offense afforded the trial court discretion to impose a sentence of probation, defendant's probationary sentence must be affirmed.

For offenses to which the legislative sentencing guidelines apply, a trial court must impose a sentence within the guidelines range unless the trial court states

on the record a "substantial and compelling" reason for a departure from the guidelines. MCL 769.34(2), (3). To constitute a "substantial and compelling" reason for departing from the guidelines, a reason must be objective and verifiable, must irresistibly attract the attention of the court, and must be of considerable worth in deciding the length of the sentence. *People v Babcock*, 469 Mich 247, 257-258; 666 NW2d 231 (2003). An objective and verifiable reason is one that is "external to the minds of the judge, defendant, and others involved in making the decision, and [is] capable of being confirmed." *People v Abramski*, 257 Mich App 71, 74; 665 NW2d 501 (2003).

Whether a particular factor is objective and verifiable is reviewed by this Court de novo, as a matter of law. *Babcock, supra* at 264-265. Upon such review, we find that the trial court's stated reasons for sentencing defendant to probation—that defendant was maintaining his sobriety and, in the court's opinion, possessed the ability to control his conduct when he was not drinking—are not objective and verifiable. Whether defendant possesses the ability to control his conduct when not drinking is a subjective determination not external to the minds of the judge, defendant, or others involved in the sentencing decision. *Abramski, supra*. The trial court's reasons for departing from the guidelines were, therefore, not substantial and compelling. *Babcock, supra* at 257.

Resolution of the question whether any term of imprisonment that may be imposed by the trial court is controlled by the legislative sentencing guidelines or by the indeterminate sentence prescribed by MCL 750.335a is a matter of statutory interpretation, which we also review de novo. *People v Davis*, 468 Mich 77, 79; 658 NW2d 800 (2003). "Our primary task in construing

a statute is to discern and give effect to the intent of the Legislature," as indicated by language used in the statute. *People v Williams*, 268 Mich App 416, 425; 707 NW2d 624 (2005). If the language of the statute is clear and unambiguous, no construction is necessary or permitted. *Davis, supra.* However, apparently plain statutory language can be rendered ambiguous by its interaction with other statutes. *People v Valentin*, 457 Mich 1, 6; 577 NW2d 73 (1998).

Regarding the statutes at issue here, at the time defendant committed his crime, MCL 750.335a provided that the offense of indecent exposure as a sexually delinquent person "may be punishable by imprisonment for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life . . . ."[2] Although this language plainly requires that any term of imprisonment imposed for a conviction of indecent exposure as a sexually delinquent person be for a period of one day to life, § 34(2) of the sentencing guidelines act, MCL 769.31 *et seq.*, requires that a defendant convicted of certain enumerated felonies on or after January 1, 1999, be sentenced in accordance with the minimum sentence prescribed by the "version of those sentencing guidelines in effect on the date the crime was committed." MCL 769.34(2); see also *People v Hendrick*, 472 Mich 555, 557; 697 NW2d 511 (2005). It is not disputed that a version of the statutory sentencing guidelines rendering the offense of indecent exposure as a sexually delinquent person subject to its provisions was in effect at the time defendant committed the instant offense on November 28, 2002. See MCL 777.16q; see also 1998 PA 317. Thus, with respect to the sentence for indecent exposure as a sexually delinquent person, both MCL 750.335a and MCL 769.34(2) are

---

[2] See n 1.

applicable to this case. However, while MCL 750.335a requires a particular term of imprisonment, the guidelines provide only for a minimum term of imprisonment based on the scoring of defined variables.[3]

As a rule of statutory construction, statutes that relate to the same subject or that share a common purpose are *in pari materia* and must be read together as one. *People v Webb*, 458 Mich 265, 274; 580 NW2d 884 (1998). Indeed, the Legislature is charged with knowledge of existing laws on the same subject and is presumed to have considered the effect of new laws on all existing laws. *People v Ventura*, 262 Mich App 370, 376; 686 NW2d 748 (2004). The object of the *in pari materia* rule is to effectuate the purpose of the Legislature as evinced by the harmonious statutes on a subject. *Webb, supra* at 274. Therefore, if a court can construe the statutes so that they do not conflict, that construction should control. *Id.* Here, however, insofar as MCL 769.34(2) requires imposition of a sentence consistent with a minimum guideline range that will vary with the circumstances surrounding each particular offense and offender, and MCL 750.335a expressly requires a definitive sentence of one day to life, there can be no construction that wholly avoids conflict between these two statutes.

It is a well-settled tenet of statutory construction that when a conflict exists between two statutes, the one that is more specific to the subject matter generally controls. *In re Brown*, 229 Mich App 496, 501; 582 NW2d 530 (1998). However, it is equally well settled

---

[3] Although the guidelines range will vary depending on the scoring of these variables, as a Class A offense, a conviction of indecent exposure by a sexually delinquent person will always require a term of imprisonment. See MCL 777.16q and MCL 777.62.

that among statutes that are *in pari materia*, the more recently enacted law is favored. *People v Ellis*, 224 Mich App 752, 756; 569 NW2d 917 (1997). The rules of statutory construction also provide that inconsistencies in statutes should be reconciled whenever possible. *People v Budnick*, 197 Mich App 21, 24; 494 NW2d 778 (1992).

Applying these rules to the instant case so as to reconcile the statutes at issue as nearly as possible, we find that even though MCL 750.335a is more specific with respect to the term of imprisonment that may be imposed for a conviction of indecent exposure as a sexually delinquent person, the intent of the Legislature is best expressed in the more recently enacted sentencing guidelines, which are therefore controlling when a trial court elects to impose imprisonment for such a conviction.[4]

Having resolved the questions addressed to us, we nonetheless reaffirm the trial court's imposition of a probationary sentence for the reasons stated in our prior opinion, which we observe was vacated by our Supreme Court rather than overruled. We do so because we conclude that resolution of these two questions does not call into question our prior analysis of whether defendant's probationary sentence was a lawful alternative to a prison sentence under the version of MCL 750.335a in effect at the time defendant committed the instant offense.

Affirmed.

---

[4] We note that 2005 PA 300, which amended MCL 750.335a immediately effective December 21, 2005, retained the specific indeterminate sentence of one day to life imprisonment. Because the offense at issue here occurred before the effective date of 2005 PA 300, we express no opinion regarding whether a court is bound when sentencing persons convicted of indecent exposure as a sexually delinquent person after the effective date of 2005 PA 300 by the legislative sentencing guidelines or the more specific indeterminate sentence of one day to life again expressly mandated under the version of MCL 750.335a now in effect. See also n 1.