# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

UNPUBLISHED
April 12, 2016

v

LONNIE JAMES ARNOLD,

       Defendant-Appellant.

No. 325407
Monroe Circuit Court
LC No. 13-040406-FH

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

A jury convicted defendant of aggravated indecent exposure, MCL 750.335a(2)(b), and indecent exposure by a sexually delinquent person, MCL 750.335a(2)(c). Defendant's convictions were based on his act of exposing himself and masturbating in a public library elevator in front of a library employee. The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to 2 to 15 years' imprisonment for the aggravated indecent exposure conviction and 25 to 70 years' imprisonment for the indecent exposure by a sexually delinquent person conviction.

Defendant contends that the trial court improperly admitted evidence that he committed a similar offense in 2002. This claim lacks merit. . Defendant aptly contends, however, that his convictions violate double jeopardy principles. Moreover, the trial court sentenced defendant according to the legislative guidelines without acknowledging that the guidelines are advisory only and that it had the discretion to sentence defendant to an indeterminate term of one day to life imprisonment for his indecent exposure by a sexually delinquent person charge. Accordingly, we affirm defendant's conviction on the charge of indecent exposure by a sexually delinquent person, vacate the conviction and sentence for aggravated indecent exposure, and remand to determine the need for resentencing as provided in *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005).

## I. OTHER ACTS EVIDENCE

In 2002, defendant pleaded guilty to indecent exposure following events unrelated to this case. At trial in the current matter, the prosecution presented testimony from the victim of that crime. The events leading up to defendant's exposure were similar in both situations. Defendant engaged both victims in general conversation at the victims' places of employment. He also inquired of both women whether they were happy in their marriages. In the prior offense,

-1-

defendant returned to the location the following day and gestured for the victim to follow him to a more confined area within the store, where he exposed his penis and masturbated. Defendant contends that evidence regarding his prior offense was inadmissible under MRE 404(b). Defendant preserved his challenge by raising a contemporaneous objection. We review for an abuse of discretion a trial court's decision to admit evidence over a party's objection. *People v Dobek*, 274 Mich App 58, 84-85; 732 NW2d 546 (2007).

MRE 404(b) governs the admission of other acts evidence, and provides:

(1) Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, scheme, plan, or system in doing an act, knowledge, identity, or absence of mistake or accident when the same is material, whether such other crimes, wrongs, or acts are contemporaneous with, or prior or subsequent to the conduct at issue in the case.

When reviewing whether evidence was properly admitted under MRE 404(b), we must consider (1) whether the evidence was "offered for a proper purpose under Rule 404(b)"; (2) whether the evidence was "relevant under Rule 402 as enforced through Rule 104(b)"; (3) whether the evidence's probative value was substantially outweighed by unfair prejudice as provided in MRE 403; and (4) whether the trial court provided "a limiting instruction to the jury." *People v VanderVliet*, 444 Mich 52, 55; 508 NW2d 114 (1993), amended 445 Mich 1205 (1994). "At its essence, MRE 404(b) is a rule of inclusion, allowing relevant other acts evidence as long as it is not being admitted solely to demonstrate criminal propensity." *People v Martzke*, 251 Mich App 282, 289; 651 NW2d 490 (2002).

MRE 402 provides that "[a]ll relevant evidence is admissible. . . . Evidence which is not relevant is not admissible." " 'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." MRE 401. Even if deemed relevant, evidence is inadmissible, however, if its "probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury. . . ." MRE 403. Evidence is not unfairly prejudicial simply because it is damaging to a party's case. *People v Vasher*, 449 Mich 494, 501; 537 NW2d 168 (1995). Evidence is unduly prejudicial if it has "an undue tendency to move the tribunal to decide on an improper basis, commonly, though not always, an emotional one." *Id*. The danger inherent in the admission of unfairly prejudicial evidence is the possibility the jury would find the evidence more probative of an issue than it deserves. *Id*.

Defendant denied the current allegations against him, "plac[ing] all of the elements of the charge at issue." *People v Sabin*, 463 Mich 43, 60; 614 NW2d 888 (2000). Our Supreme Court has "held that evidence of other instances of sexual misconduct that establish a scheme, plan, or system may be material in the sense that the evidence proves that the charge was committed." *Id*. at 61-62, citing *People v Engelman*, 434 Mich 204, 220-221; 453 NW2d 656 (1990). The *Sabin* Court clarified "that evidence of similar misconduct is logically relevant to show that the charged act occurred where the uncharged misconduct and the charged offense are sufficiently

similar to support an inference that they are manifestations of a common plan, scheme or system." *Id.* at 63.

Defendant contends the prior act evidence was inadmissible due to the lack of similarity and its remoteness in time. However, the two incidents bore several similarities. The victims were of similar ages, defendant approached both at their place of work, defendant initiated more general conversations with the women and then asked them about their marital relationships, defendant identified himself as "Malaki," defendant isolated himself and the victim in a smaller or more confined area before exposing himself, and defendant masturbated. The similarity between the two incidents extends beyond a mere proclivity of defendant to engage in such behavior and demonstrates a preferred methodology and system in selecting and approaching potential victims.

Moreover, the passage of time between the two incidents does not demand exclusion of the evidence in this case. "Proximity in time is one factor in determining the relevance of a prior conviction, but 'there is no specific number of years beyond which prior bad acts are no longer relevant to the issue of intent.' " *United States v Moore*, 98 F 3d 347, 350 (CA 8, 1996). As discussed in *People v Yost*, 278 Mich App 341, 404-405; 749 NW2d 753 (2008), "Although there is no time limit applicable to the admissibility of other acts evidence, see MRE 404(b), the remoteness in time between the charged conduct and the [prior act] limits the logical relevance of these other acts to show intent." In this instance, the prior acts evidence was not used to demonstrate intent, but rather plan, motive or scheme. Accordingly, the evidence was not only admissible, but its logical relevance was not diminished.

Defendant further contends that the prior act evidence was unduly prejudicial. The trial court instructed the jury to limit its use of the challenged evidence. "A carefully constructed limiting instruction rendered by the trial court would be sufficient to counterbalance any potential for prejudice spawned by the other acts evidence." *Martzke*, 251 Mich App at 295. Because we presume jurors follow their instructions, there is no reason to believe that the evidence was unduly prejudicial or that the jury considered it for improper purposes. *People v Graves*, 458 Mich 476, 486; 581 NW2d 229 (1998).

## II. DOUBLE JEOPARDY

Defendant next contends that his convictions for aggravated indecent exposure and indecent exposure by a sexually delinquent person violated double jeopardy principles. The prosecution agrees.

The Double Jeopardy Clauses of both the United States and Michigan constitutions protect a defendant from receiving multiple punishments for the same offense. *People v Miller*, 498 Mich 13, 17; 869 NW2d 204 (2015).

The offenses for which defendant was convicted are both governed by MCL 750.335a, which provides in relevant part:

> (1) A person shall not knowingly make any open or indecent exposure of his or her person or of the person of another.

(2) A person who violates subsection (1) is guilty of a crime, as follows:

(a) Except as provided in subdivision (b) or (c), the person is guilty of a misdemeanor punishable by imprisonment for not more than 1 year, or a fine of not more than $ 1,000.00, or both.

(b) If the person was fondling his or her genitals, pubic area, buttocks, or, if the person is female, breasts, while violating subsection (1), the person is guilty of a misdemeanor punishable by imprisonment for not more than 2 years or a fine of not more than $2,000.00, or both.

(c) If the person was at the time of the violation a sexually delinquent person, the violation is punishable by imprisonment for an indeterminate term, the minimum of which is 1 day and the maximum of which is life. . . .

Under this statutory scheme, a person who "knowingly make[s] any open or indecent exposure of his or her person or of the person of another" is guilty of indecent exposure, and a person who additionally "fondl[es] his or her genitals, pubic area, [or] buttocks" is guilty of aggravated indecent exposure. *People v Franklin*, 298 Mich App 539, 547; 828 NW2d 61 (2012). As aggravated indecent exposure encompasses all the elements of indecent exposure, the two offenses are considered one for double jeopardy purposes. *Id.* Here, defendant was convicted of aggravated indecent exposure and nonaggravated indecent exposure as a sexually delinquent person. The addition of this classification does change the double jeopardy analysis. As noted in *Franklin*, 298 Mich App at 547:

> To the extent that the prosecution argues that defendant's convictions do not violate double jeopardy because the indecent exposure conviction required a showing of sexual delinquency, we note that sexual delinquency is not an actual element of that offense. Rather, a finding of sexual delinquency merely allows for an enhancement of the sentence for the indecent exposure offense.

Accordingly, the parties properly note that defendant cannot constitutionally be convicted or sentenced for both offenses at issue in this case. In such cases, the proper remedy is "to affirm the conviction of the higher charge and to vacate the lower conviction." *Miller* at 27 n 35, quoting *People v Herron*, 464 Mich 593, 609; 628 NW2d 528 (2001). Accordingly, we affirm defendant's conviction and enhanced sentence for indecent exposure by a sexually delinquent person and vacate his conviction and sentence for aggravated indecent exposure.

## III. SENTENCING

In relation to his conviction for indecent exposure by a sexually delinquent person, defendant challenges the trial court's imposition of a sentence in accordance with the sentencing guidelines rather than an indeterminate sentence of one day to life as provided in MCL 750.335a(2)(c). Specifically, MCL 750.335a(2)(c) provides that an act of indecent exposure while "a sexually delinquent person" "is punishable for an indeterminate term, the minimum of which is 1 day and the maximum of which is life."

This Court addressed this very issue in *People v Buehler (On Remand)*, 271 Mich App 653; 723 NW2d 578 (2006), rev'd on other grounds 477 Mich 18 (2007) (*Buehler II*). In *Buehler II*, the Supreme Court directed this Court to "consider 'whether any term of imprisonment that may be imposed by the circuit court is controlled by the legislative sentencing guidelines or by the indeterminate sentence prescribed by MCL 750.335a.' " *Id.* at 655, quoting *People v Buehler*, 474 Mich 1081; 711 NW2d 335 (2006). Recognizing that the 2005 amendment of MCL 750.335a specifically retained the indeterminate sentence of one day to life imprisonment, *Buehler II*, 271 Mich App at 659 n 4, this Court still determined that a sentencing court must abide by the sentencing guidelines:

> It is a well-settled tenet of statutory construction that when a conflict exists between two statutes, the one that is more specific to the subject matter generally controls. However, it is equally well settled that among statutes that are in pari materia, the more recently enacted law is favored. The rules of statutory construction also provide that inconsistencies in statutes should be reconciled whenever possible.

> Applying these rules to the instant case so as to reconcile the statutes at issue as nearly as possible, we find that even though MCL 750.335a is more specific with respect to the term of imprisonment that may be imposed for a conviction of indecent exposure as a sexually delinquent person, the intent of the Legislature is best expressed in the more recently enacted sentencing guidelines, which are therefore controlling when a trial court elects to impose imprisonment for such a conviction. [*Id.* at 658-659 (citations omitted).]

And the more recent statute, MCL 769.34(2), provided that "the minimum sentence imposed by a court of this state for a felony . . . committed on or after January 1, 1999 shall be within the appropriate sentence range under the version of those sentencing guidelines in effect on the date the crime was committed." The Supreme Court subsequently expressed its approval of this analysis. *Buehler*, 477 Mich at 24 n 18.

Defendant contends that the trial court improperly sentenced him based on inaccurate information, i.e., the mistaken legal conclusion that the Department of Corrections would reject a sentence of one day to life imprisonment because it was not within the sentencing guidelines. Given this Court's holding in *Buehler II*, we discern no mistake on the trial court's part *at the time of the original sentencing hearing*.

In a supplemental appellate brief, defendant asserts that he is entitled to resentencing as *People v Lockridge*, 498 Mich 358, 364-365; 870 NW2d 502 (2015), has rendered the legislative sentencing guidelines advisory. Therefore, he asserts, we can no longer assume that the guidelines must trump the sentence described in MCL 750.335a(2)(c).

Although the mandatory nature of the sentencing guidelines is no longer recognized, the guidelines remain advisory, *Lockridge*, 498 Mich at 391, and sentencing judges are still required to consult the guidelines and "take them into account when sentencing." *Id.* at 391-392. In this case, however, the trial court did not treat the guidelines as advisory or recognize that it did enjoy the discretion to sentence defendant to a term outside the guidelines range and to a term of

one day to life imprisonment as provided in MCL 750.335a(2)(c), if it found that sentence reasonable. *Lockridge*, 498 Mich at 392. We cannot ascertain from this record whether the trial court would have adhered to the sentencing guidelines had it been aware that the guidelines would be rendered advisory. Accordingly, we must remand and conduct further proceedings consistent with *Crosby*, 397 F3d at 117-118, to determine if resentencing is required.

We affirm defendant's conviction for indecent exposure by a sexually delinquent person and vacate defendant's conviction and sentence for aggravated indecent exposure. We remand for further proceedings in relation to defendant's sentence for indecent exposure by a sexually delinquent person. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood