COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

LONNIE JAMES ARNOLD,

        Defendant-Appellant.

UNPUBLISHED
September 22, 2016

No. 325407
Monroe Circuit Court
LC No. 13-040406-FH

ON RECONSIDERATION

Before: GLEICHER, P.J., and CAVANAGH and FORT HOOD, JJ.

PER CURIAM.

A jury convicted defendant of aggravated indecent exposure, MCL 750.335a(2)(b), and indecent exposure by a sexually delinquent person, MCL 750.335a(2)(c). Defendant's convictions were based on his act of exposing himself and masturbating in a public library elevator in front of a library employee. The trial court sentenced defendant as a fourth habitual offender, MCL 769.12, to 2 to 15 years' imprisonment for the aggravated indecent exposure conviction and 25 to 70 years' imprisonment for the indecent exposure by a sexually delinquent person conviction.

Defendant appealed his convictions and sentences. We vacated the conviction and sentence for aggravated indecent exposure, but affirmed defendant's conviction on the charge of indecent exposure by a sexually delinquent person and remanded to determine the need for resentencing as provided in *United States v Crosby*, 397 F3d 103, 117-118 (CA 2, 2005). We specifically rejected defendant's claim that the trial court erred by imposing a sentence in accordance with the sentencing guidelines rather than an indeterminate sentence of one day to life as provided in MCL 750.335a(2)(c). *People v Arnold*, unpublished opinion per curiam of the Court of Appeals, issued April 12, 2016 (Docket No 325407). We granted defendant's motion for reconsideration and vacated in part our April 12, 2016 opinion. Upon reconsideration, we remand for resentencing in accordance with this opinion.

The statute governing defendant's sentence for indecent exposure by a sexually delinquent person, MCL 750.335a(2)(c), provides that an act of indecent exposure while "a sexually delinquent person" "is punishable for an indeterminate term, the minimum of which is 1 day and the maximum of which is life." At sentencing, defendant argued for a sentence of one

day to life consistent with the language of the statute. The trial court indicated that it had no option but to reject that sentence because the Department of Corrections "would write to me and say I cannot sentence him to life." On appeal, defendant insisted that the Department of Corrections would, in fact, accept a sentence of one day to life for a conviction under MCL 750.335a(2)(c), and that the only proper sentence was one day to life. We rejected those arguments based on this Court's opinion in *People v Buehler (On Remand)*, 271 Mich App 653; 723 NW2d 578 (2006), rev'd on other grounds 477 Mich 18 (2007) (*Buehler II*). The issue presented on reconsideration is whether we erred by applying *Buehler II*.

A published decision of this Court issued during the reconsideration period, *People v Campbell*, __ Mich App __; __ NW2d __ (Docket No. 324708, issued July 14, 2016), guides our new determination that *Buehler II* does not apply and that defendant must be resentenced.

In *Campbell*, a different panel of this Court examined precisely the same sentencing issue as was before us when we rendered our initial opinion. The *Campbell* panel held that while the sentencing guidelines are now advisory rather than mandatory pursuant to *People v Lockridge*, 498 Mich 358, 364; 870 NW2d 502 (2015), "the sentence provided under MCL 750.335a(2)(c) is stated in mandatory terms." *Campbell*, slip op at 10-11. The *Campbell* Court concluded: "[A]fter the decision in *Lockridge*, trial courts must sentence a defendant convicted of indecent exposure as a sexually delinquent person consistent with the requirements of MCL 750.335a(2)(c)." *Id*. at 11. We are bound by *Campbell* and agree with its reasoning. Accordingly, we remand for imposition of the mandatory sentence set forth in MCL 750.335a(2)(c).

We remand for resentencing. We do not retain jurisdiction.

/s/ Elizabeth L. Gleicher
/s/ Mark J. Cavanagh
/s/ Karen M. Fort Hood