PEOPLE v BUEHLER

Docket No. 254298. Submitted September 27, 2005, at Detroit. Decided October 27, 2005, at 9:00 a.m. Leave to appeal sought.

Nicholas J. Buehler pleaded no contest to a charge of indecent exposure, MCL 750.335a, and guilty to a charge of being a sexually delinquent person, MCL 750.10a, in the Ottawa Circuit Court. The sentencing guidelines recommended a minimum sentence of imprisonment for 42 to 70 months. The court, Calvin L. Bosman, J., departed from the guidelines because of the defendant's current sobriety and sentenced the defendant to probation for three years. The court denied the prosecution's motion for resentencing, and the prosecution filed a delayed application for leave to appeal. The Court of Appeals, ZAHRA, P.J., and KELLY and MURRAY, JJ., initially vacated the defendant's sentence and remanded for resentencing in an unpublished order entered September 12, 2003 (Docket No. 250160), but on reconsideration vacated that order and denied leave to appeal in an unpublished order entered October 23, 2003 (Docket No. 250160). The Supreme Court remanded the case to the Court of Appeals for consideration as on leave granted. 469 Mich 1019 (2004).

The Court of Appeals *held*:

The defendant's sentence of probation for his conviction of indecent exposure as a sexually delinquent person is proper and valid. The Legislature's use of the disjunctive "or" and the phrase "may be" in MCL 750.335a and 767.61a indicates a clear intent to provide a discretionary and alternative sentencing scheme for persons convicted of indecent exposure. An indeterminate sentence of imprisonment for one day to life is merely one discretionary alternative for a person convicted of indecent exposure as a sexually delinquent person. Probation is also a valid alternative. Because the term of probation imposed is a valid alternative to imprisonment, it is unnecessary to reach the question whether a court is bound when sentencing such a defendant to a term of imprisonment by the indeterminate term set forth in MCL 750.335a or by the legislative sentencing guidelines.

Affirmed.

SENTENCES — INDECENT EXPOSURE — SEXUALLY DELINQUENT PERSONS — PROBA-
TION.

A sentencing court may impose a term of probation on a person
convicted of indecent exposure as a sexually delinquent person
(MCL 750.10a, 750.335a, 767.61a).

*Michael A. Cox*, Attorney General, *Thomas L. Casey*,
Solicitor General, *Ronald J. Frantz*, Prosecuting Attor-
ney, and *Gregory J. Babbitt*, Assistant Prosecuting At-
torney, for the people.

*Law Office of John R. Moritz, P.C.* (by *John R.
Moritz*), for the defendant.

Before: GAGE, P.J., and HOEKSTRA and MURRAY, JJ.

PER CURIAM. The prosecution appeals, as on leave
granted after remand from our Supreme Court, defen-
dant's sentence of three years' probation for his convic-
tion of indecent exposure as a sexually delinquent
person, MCL 750.335a and 750.10a. We affirm. This
appeal is being decided without oral argument pursuant
to MCR 7.214(E).

I. BASIC FACTS AND PROCEDURAL HISTORY

Defendant pleaded nolo contendere to a charge of
indecent exposure, MCL 750.335a, and guilty to a
charge of being a sexually delinquent person, MCL
750.10a. Because the offense of indecent exposure by a
sexually delinquent person is subject to the statutory
sentencing guidelines, see MCL 777.16q, a sentencing
information report establishing a guidelines minimum
range of 42 to 70 months' imprisonment was prepared
by the trial court. At sentencing, however, the trial
court stated that it intended to depart from the guide-
lines because defendant was maintaining sobriety and,
in the court's opinion, possessed the ability to control

his conduct when not drinking. On that basis, the trial court sentenced defendant to a term of three years' probation.

The prosecution moved for resentencing, arguing that a conviction for indecent exposure under MCL 750.335a mandates an indeterminate sentence of imprisonment for one day to life for any person found to have been sexually delinquent at the time of the offense. The trial court denied the motion, reasoning that the alternative sentencing scheme set forth by MCL 750.335a affords discretion in the sentence to be imposed and allows for the imposition of a term of probation. The prosecution thereafter filed a delayed application for leave to appeal the trial court's sentencing decision. In doing so, however, the prosecution abandoned its claim that defendant's conviction required that he be sentenced to the mandatory term of imprisonment for one day to life expressly provided for under MCL 750.335a, arguing instead that defendant's current sobriety did not constitute a substantial and compelling reason for departure from the legislatively mandated sentencing guidelines range of 42 to 70 months' imprisonment and that, therefore, defendant's sentence of probation was invalid. Finding that the trial court's reasons for departing below the guidelines minimum range fell "outside the principled range of outcomes," this Court vacated defendant's sentence of probation and remanded the case to the trial court for resentencing. Unpublished order of the Court of Appeals, entered September 12, 2003 (Docket No. 250160). On reconsideration, however, this Court vacated its previous order and denied the prosecution's application for leave to appeal "for lack of merit in the grounds presented." Unpublished order of the Court of Appeals, entered October 23, 2003 (Docket No. 250160). Our Supreme

Court thereafter remanded this case for our consideration as on leave granted. 469 Mich 1019 (2004).

## II. ANALYSIS

On remand, the prosecution renews its assertion that the trial court's reason for departing from the sentencing guidelines' minimum range was not substantial and compelling, thereby rendering invalid the probationary sentence imposed by the trial court in lieu of the term of imprisonment established by the guidelines. In support of this argument, the prosecution asserts that the more recently enacted sentencing guidelines control the sentencing of sexually delinquent persons convicted of indecent exposure under MCL 750.335a and that, therefore, a term of imprisonment is required in this case in the absence of a substantial and compelling reason to depart from the guidelines. However, because we find the probationary sentence imposed here to be a valid alternative to imprisonment under the discretionary sentencing scheme provided in MCL 750.335a, we need not reach the question whether a trial court is bound, when sentencing a defendant convicted of indecent exposure as a sexually delinquent person to a term of imprisonment, by the indeterminate term of imprisonment for one day to life expressly set forth in MCL 750.335a, or by the more recently enacted legislative sentencing guidelines.

Resolution of the question whether the probationary sentence at issue here is valid requires examination of the statutes prohibiting indecent exposure, MCL 750.335a, and defining and providing punishment for the commission of that offense by a person who is sexually delinquent, MCL 750.10a and 767.61a. Also relevant are those statutes providing for and limiting the imposition of probation for criminal offenses. See

MCL 771.1 and 771.2. We undertake such review de novo, as a question of law, and in doing so must attempt to discern and give effect to the intent of the Legislature as manifest in the plain, unambiguous language of those statutes. *People v Houston*, 473 Mich 399, 403; 702 NW2d 530 (2005).

We begin our analysis with the text of MCL 750.335a, which provides in relevant part that any person who knowingly makes an open or indecent exposure of his or her person

> is guilty of a misdemeanor, *punishable by imprisonment for not more than 1 year, or by a fine of not more than $1,000.00, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life* .... [Emphasis added.]

For purposes of the penal code, MCL 750.10a defines a "sexually delinquent person," in part, as a person "whose sexual behavior is characterized by repetitive or compulsive acts which indicate a disregard of consequences or the recognized rights of others . . . ." With respect to such persons, MCL 767.61a further provides that

> [i]n any prosecution for an offense committed by a sexually delinquent person for which *may be imposed* an alternate sentence to imprisonment for an indeterminate term, the *minimum of which is 1 day and the maximum of which is life,* the indictment shall charge the offense and may also charge that the defendant was, at the time said offense was committed, a sexually delinquent person. . . . *Upon a verdict of guilty to the first charge or to both charges or upon a plea of guilty to the first charge or to both charges the court may impose* any punishment provided by law for such offense. [Emphasis added.]

A plain reading of the language emphasized above indicates a clear intent by the Legislature to provide a discretionary and alternative sentencing scheme for persons convicted of indecent exposure. See *Houston, supra* at 403. For purposes of the question before us, the focal point of the statutory text is the disjunctive "or," as used by the Legislature in setting forth the manner in which a violation of MCL 750.335a may be punished. As this Court has previously recognized, "or" is generally used to express an alternative or to provide a choice between two or more things. *People v Kimble,* 252 Mich App 269, 285; 651 NW2d 798 (2002) (citing Black's Law Dictionary [6th ed]), aff'd 470 Mich 305 (2004); see also *People v Gatski,* 260 Mich App 360, 365; 677 NW2d 357 (2004) ("Generally, 'or' is a disjunctive term . . . ."). Thus, by providing for various punishments in the disjunctive, the Legislature has indicated its intent to afford a trial court imposing sentence for a conviction of indecent exposure a choice between alternative penalties. Specifically, the Legislature has indicated that indecent exposure may be punished by either "imprisonment for not more than 1 year, or by a fine of not more than $1,000.00, or if such person was at the time of the said offense a sexually delinquent person, . . . by imprisonment for an indeterminate term . . . ." MCL 750.335a. Thus, regardless of whether the term of any indeterminate prison sentence imposed by a trial court is controlled by the statutory sentencing guidelines or the more exacting language of MCL 750.335a, the plain, unambiguous language of MCL 750.335a indicates that such a sentence is merely an alternative to the determinate jail sentence or fine generally available for a conviction under MCL 750.335a. *Kimble, supra* at 285; *Gatski, supra* at 365.

That an indeterminate sentence of imprisonment is merely one discretionary alternative to which a person

convicted of indecent exposure as a sexually delinquent person might be sentenced is further supported by the Legislature's use of the phrase "may be" in both MCL 750.335a and MCL 767.61a. It is a well-settled tenet of statutory construction that use of the word "may" designates discretion, *People v Brown*, 249 Mich App 382, 386; 642 NW2d 382 (2002), and that the phrase "may be" indicates only a possibility, *Mull v Equitable Life Assurance Society*, 444 Mich 508, 519; 510 NW2d 184 (1994). Although not addressing the express question at issue here, this Court in *People v Kelly*, 186 Mich App 524, 528-529, 531; 465 NW2d 569 (1990), recognized the discretionary and alternative nature of the sentencing scheme created by the statutory provisions regarding indecent exposure and sexual delinquency when, in reversing the defendant's sentence of life imprisonment and remanding, the panel directed that the defendant, who had been determined to be sexually delinquent, "can be resentenced to imprisonment in the county jail for not more than one year, to a fine of not more than $500, or to an indeterminate prison term of from one day to life."[1] See also *People v Helzer*, 404 Mich 410, 417-419; 273 NW2d 44 (1978) (sexual delinquency is a separate, alternative form of sentencing, rather than a penalty enhancement), and *People v Murphy*, 203 Mich App 738, 745; 513 NW2d 451 (1994) (a "conviction as a sexually delinquent person activate[s] the alternative sentencing provisions" of MCL 750.335a). Thus, to the extent that the prosecution asserts that a term of imprisonment was required in this case, we reject that assertion as unsupported by either precedent or the plain, unambiguous language of the relevant statutory provisions.

---

[1] MCL 750.335a was amended by 2002 PA 672 to increase the maximum fine from $500 to $1,000. See also n 2 of this opinion.

Additionally, we conclude that a term of probation is also a valid alternative to which a trial court may, in its discretion, sentence a defendant convicted of indecent exposure as a sexually delinquent person. MCL 767.61a expressly provides that a person convicted of being a sexually delinquent person may receive any punishment authorized by law. To this end, the general probation statute provides that

> [i]n all prosecutions for felonies or misdemeanors other than murder, treason, criminal sexual conduct in the first or third degree, armed robbery, or major controlled substance offenses, if the defendant has been found guilty upon verdict or plea and the court determines that the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant suffer the penalty imposed by law, the court may place the defendant on probation under the charge and supervision of a probation officer. [MCL 771.1(1).]

MCL 771.2(1) further provides that "if [a] defendant is convicted of a felony," he or she may be placed on probation for up to five years. Although the language of MCL 750.335a suggests that indecent exposure is, in all cases, a misdemeanor, this Court has previously held that given the possibility of an indeterminate prison sentence exceeding one year, the offense of indecent exposure becomes a felony when involving a person found to be sexually delinquent at the time of the offense. See *Murphy, supra* at 748-749. Thus, because the general probation statute does not exempt sexually delinquent persons from its coverage, and MCL 750.335a does not provide that a person convicted of indecent exposure as a sexually delinquent person must be imprisoned, a sentence of probation for a term of up to five years is also an available alternative for a person convicted of indecent exposure as a sexually delinquent

person.[2] Consequently, we conclude that the trial court was not required to sentence defendant to an indeterminate prison term and could instead place defendant on probation for a term of up to five years. Defendant's sentence of three years' probation for his conviction of indecent exposure as a sexually delinquent person is, therefore, both proper and valid.

Affirmed.

---

[2] Cf. *People v Butler*, 465 Mich 940, 940-941 (2001), in which our Supreme Court indicated that "[a]lthough a sentence of probation can be imposed on a conviction of being a sexually delinquent person, . . . there is no alternative to the mandatory indeterminate sentence of one day to life in prison where the trial court chooses to incarcerate a person convicted under MCL 750.335a and MCL 750.10a." As noted above, although the prosecution is correct that the offense of indecent exposure by a sexually delinquent person is an offense now covered by the legislative sentencing guidelines, which as scored in this case would require a sentence of imprisonment for between 42 and 70 months, we need not address whether the term of any prison sentence imposed by a trial court is controlled by the statutory sentencing guidelines or the more exacting language of MCL 750.335a because the trial court here "chose" not to incarcerate defendant. See *Butler, supra* at 941. Nonetheless, we note the inherent conflict between the mandatory sentence of imprisonment for one day to life expressly provided for under MCL 750.335a and inclusion of that offense within the legislatively mandated sentencing guidelines.