**Michigan Supreme Court**
**Lansing, Michigan**

# Opinion

Chief Justice:
Clifford W. Taylor

Justices:
Michael F. Cavanagh
Elizabeth A. Weaver
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

FILED FEBRUARY 6, 2007

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v                                                                    No. 131943

NICHOLAS JAMES BUEHLER,

Defendant-Appellee.

_____

PER CURIAM.

This case concerns when a trial court may impose a sentence of probation where the properly scored sentencing guidelines compel a term of imprisonment. Under the Michigan Sentencing Guidelines, the minimum sentence must be within the appropriate sentence range unless the court states substantial and compelling reasons to depart.[1] In this case, the trial court sentenced defendant to probation, when the appropriate minimum sentence range was scored at 42 to 70 months. The Court of Appeals held that probation was a valid alternative to the prison sentence called for by the guidelines. We disagree. Because defendant's

---

[1] MCL 769.34(3).

probationary sentence is not within the appropriate sentence range and the trial court failed to articulate substantial and compelling reasons for the downward departure, we reverse the judgment of the Court of Appeals and remand the case to the trial court to state substantial and compelling reasons on the record for the departure or to sentence defendant within the appropriate sentence range.

## Facts and Procedural History

The prosecutor charged defendant with resisting and obstructing a police officer,[2] indecent exposure,[3] and being a sexually delinquent person.[4] Pursuant to a plea agreement, defendant pleaded nolo contendere to the indecent exposure charge and guilty to the sexually delinquent person charge in exchange for the dismissal of the remaining charge. Defendant did not challenge the guidelines scoring that produced a sentence range of 42 to 70 months. The trial court stated its intention to downwardly depart from the guidelines and impose a sentence of 36 months' probation. In support of the probationary sentence, the trial court noted defendant's problem with alcohol and his ability to conform his behavior to the law when not inebriated. The prosecutor moved for resentencing, arguing that,

---

[2] MCL 750.81d (1).

[3] MCL 750.335a.

[4] MCL 750.10a.

under MCL 750.335a,[5] the court must sentence defendant to the indeterminate sentence of one day to life. The trial court disagreed, affirming the sentence of probation.

The prosecutor filed an application for leave to appeal in the Court of Appeals. The prosecutor abandoned the argument that the indeterminate sentence provided in MCL 750.335a was mandatory and argued that defendant's sentence was not proper under the Michigan Sentencing Guidelines because the trial court failed to articulate substantial and compelling reasons for the departure. The Court of Appeals initially vacated the judgment of sentence and ordered resentencing in an unpublished order, entered September 12, 2003 (Docket No. 250160). However, the panel granted defendant's motion for reconsideration, vacated its previous order, and denied the prosecutor's application for leave to appeal in an unpublished order, entered October 23, 2003 (Docket No. 250160). The prosecutor sought leave to appeal, and this Court, in lieu of granting leave to

---

[5] At the time defendant committed his crime, MCL 750.335a provided:

> Any person who shall knowingly make an open or indecent exposure of his or her person or of the person of another is guilty of a misdemeanor, punishable by imprisonment for not more than 1 year, or by a fine of not more than $1,000.00, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life: Provided, That any other provision of any other statute notwithstanding, said offense shall be triable only in a court of record.

3

appeal, remanded the matter to the Court of Appeals for consideration as on leave granted.[6]

On remand, the Court of Appeals held that MCL 750.335a gave courts broad discretion in sentencing defendants convicted of indecent exposure. Further, the Court held that "a term of probation is also a valid alternative to which a trial court may, in its discretion, sentence a defendant convicted of indecent exposure as a sexually delinquent person."[7] The panel relied on MCL 767.61a, which provides that a person convicted of indecent exposure may receive "any punishment provided by law for such offense." The Court of Appeals reasoned that because the general probation statute allows a court to place a defendant on probation for any felony or misdemeanor "other than murder, treason, criminal sexual conduct in the first or third degree, armed robbery, or major controlled substance offenses,"[8] probation was a sentence "authorized by law," and thus, proper.

When the prosecutor again sought leave to appeal in this Court, in lieu of granting leave to appeal, we vacated the published Court of Appeals judgment and remanded to that Court a second time to consider (1) whether the trial court

---

[6] 469 Mich 1019 (2004).

[7] *People v Buehler,* 268 Mich App 475, 482; 710 NW2d 475 (2005) (*Buehler I*).

[8] MCL 771.1(1).

4

articulated substantial and compelling reasons for a departure from the appropriate sentence range and (2) whether the legislative sentencing guidelines or the indeterminate sentence prescribed by MCL 750.335a controlled the sentence that may be imposed.[9]   On second remand, the Court of Appeals again affirmed defendant's sentence.[10]   The Court held that the trial court did not articulate substantial and compelling reasons to depart from the appropriate guidelines range and that the more recently enacted guidelines control, as opposed to the indeterminate sentence provided for in MCL 750.335a, when a court decides to impose a sentence of imprisonment.  Nonetheless, the panel affirmed defendant's sentence, reaffirming the portion of its previous opinion that held that probationary sentences are a valid "alternative" sentence.  The prosecutor has again filed an application for leave to appeal in this Court.  In lieu of granting leave to appeal, we reverse the judgment of the Court of Appeals for the reasons stated below.

Standard of Review

---

[9] 474 Mich 1081 (2006).

[10] *People v Buehler (On Remand),* 271 Mich App 653; 723 NW2d 578 (2006) (*Buehler II*).  Judge Zahra replaced retired Judge Gage on the panel.

5

This Court reviews questions of statutory interpretation de novo.[11] This Court reviews a trial court's decision to depart from the guidelines for an abuse of discretion.[12]

Analysis

Under the Michigan Sentencing Guidelines,[13] "the minimum sentence imposed by a court of this state for a felony enumerated in part 2 of chapter XVII committed on or after January 1, 1999 *shall be within the appropriate sentence range* under the version of those sentencing guidelines in effect on the date the crime was committed."[14] Indecent exposure by a sexually delinquent person is "a felony enumerated in part 2 of chapter XVII."[15] As noted, defendant did not dispute that the appropriate sentence range was 42 to 70 months' imprisonment. Furthermore, there is no question that defendant's probationary sentence does not fall within that range.[16] Under the guidelines, "[a] court may depart from the appropriate sentence range established under the sentencing guidelines set forth in

---

[11] *People v Babcock*, 469 Mich 247; 666 NW2d 231 (2003).

[12] *Id.* at 269.

[13] MCL 769.34 *et seq*.

[14] MCL 769.34(2) (emphasis added).

[15] MCL 777.16q.

[16] See *Babcock*, *supra*, discussing whether the trial court articulated substantial and compelling reasons for imposing probation when the guidelines range was 36 to 71 months.

(continued…)

6

[MCL 777.1 *et seq.*] if the court has a substantial and compelling reason for that departure and states on the record the reasons for departure."[17] We agree with the Court of Appeals that the trial court in this case failed to state substantial and compelling reasons for a departure. Therefore, defendant's sentence is invalid under the sentencing guidelines.[18]

The Court of Appeals did not end its analysis at that point. Instead, the Court held that probation is a valid "alternative" sentence for any crime not specifically excepted from probation.[19] The panel in *Buehler II* relied on the discussion of MCL 750.335a and MCL 771.1 in *Buehler I*. The *Buehler I* panel

---

(…continued)

[17] MCL 769.34(3).

[18] We agree with the panel in *Buehler II* that the Michigan Sentencing Guidelines control over the version of MCL 750.335a in force when defendant committed his crime. We also agree that it is unnecessary to determine whether the recent amendment of MCL 750.335a, 2005 PA 300, has altered this conclusion for future offenders. Therefore, we too express no opinion on that issue.

[19] MCL 771.1(1):

> In all prosecutions for felonies or misdemeanors other than murder, treason, criminal sexual conduct in the first or third degree, armed robbery, or major controlled substance offenses, if the defendant has been found guilty upon verdict or plea and the court determines that the defendant is not likely again to engage in an offensive or criminal course of conduct and that the public good does not require that the defendant suffer the penalty imposed by law, the court may place the defendant on probation under the charge and supervision of a probation officer.

7

examined the language of MCL 750.335a, which stated at the time of defendant's offense:

> Any person who shall knowingly make an open or indecent exposure of his or her person or of the person of another is guilty of a misdemeanor, punishable by imprisonment for not more than 1 year, or by a fine of not more than $1,000.00, or if such person was at the time of the said offense a sexually delinquent person, may be punishable by imprisonment for an indeterminate term, the minimum of which shall be 1 day and the maximum of which shall be life: Provided, That any other provision of any other statute notwithstanding, said offense shall be triable only in a court of record.

The panel in *Buehler I* held that this statute "indicates a clear intent by the Legislature to provide a discretionary and alternative sentencing scheme for persons convicted of indecent exposure."[20] The panel is correct insofar as MCL 750.335a states that courts have discretion to sentence individuals convicted of indecent exposure to a fine or imprisonment. However, that conclusion does not support the notion that a defendant convicted of the crime of indecent exposure by a sexually delinquent person is entitled to probation. The Legislature has actually limited sentencing courts' discretion for individuals convicted of that crime by listing it in MCL 777.16q and thereby making it subject to the mandatory sentencing guidelines. The Legislature has further limited the courts' discretion by classifying indecent exposure by a sexually delinquent person as a Class A

---

[20] *Buehler I, supra* at 480.

felony, which carries a *minimum* sentence range of 21 to 35 months.[21]  Under the guidelines, the sentencing court *must* sentence defendant within that range or articulate on the record substantial and compelling reasons for a departure.

Both panels held that courts may avoid the guidelines for any probationable felony.  The probation statute and the sentencing guidelines must be construed together because "statutes that relate to the same subject or that share a common purpose are *in para materia* and must be read together as one."[22]  When there is a conflict between statutes that are read *in para materia*, the more recent and more specific statute controls over the older and more general statute.[23]  Significantly, the panel in *Buehler II* found that MCL 750.335a and the sentencing guidelines were *in para materia* and that the more recently enacted guidelines control.  Unfortunately, neither panel applied the same analysis to the probation statute and the sentencing guidelines.  The sentencing guidelines were enacted after the probation statute, and they are more specific in that they provide a detailed and mandatory procedure for sentencing involving all enumerated crimes.  Therefore, the sentencing guidelines control for a crime that could be punished under the guidelines or with probation.

---

[21] MCL 777.62.

[22] *Buehler II, supra* at 658.

[23] See *Imlay Twp Primary School Dist No 5 v State Bd of Ed,* 359 Mich 478; 102 NW2d 720 (1960).

The panel in *Buehler II* correctly noted that probation is *available* for all nonenumerated crimes; however, this fact does not lead to the conclusion that sentencing courts have unfettered discretion to impose probation for *all* such crimes. For crimes not subject to the sentencing guidelines, such as simple indecent exposure, a sentencing court would have the option of imposing one of the sentences listed in the statute (one year or less of imprisonment or a fine of $1,000 or less) or if the court determines that the defendant is not likely to be a recidivist and that the public good does not require the statutory penalty, the court may sentence the defendant to probation.[24]

The calculus changes, however, if the offense is subject to the mandatory sentencing guidelines. The minimum sentence for any crime listed in part two of chapter XVII committed after January 1, 1999, *must* be within the minimum guidelines sentence range. In some instances, the Legislature has determined that probation is a permissible sentence within the sentence range, such as when the guidelines call for an intermediate sanction.[25] However, the guidelines do not indicate that probation is available for ranges that require a minimum term of imprisonment. Therefore, probationary sentences constitute a downward

---

[24] MCL 771.1(1).

[25] MCL 769.31(b): "'Intermediate sanction' means probation or any sanction, other than imprisonment in a state prison or state reformatory, that may lawfully be imposed."

10

departure from any sentencing guidelines range that does not permit the imposition of intermediate sanctions. In such cases, if the sentencing court desires to impose a probationary sentence, the court must articulate substantial and compelling reasons for the downward departure on the record. Because the sentencing court did not properly sentence defendant under the guidelines, the sentence of probation is invalid.

## Conclusion

Defendant's probationary sentence is a departure from the appropriate guidelines sentence range, and the trial court failed to articulate substantial and compelling reasons for the departure on the record as required by MCL 769.34(3). Because defendant's sentence is invalid, we reverse the judgment of the Court of Appeals and remand the case to the Ottawa Circuit Court for an articulation of substantial and compelling reasons on the record or resentencing.

Clifford W. Taylor
Michael F. Cavanagh
Marilyn Kelly
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman

11

S T A T E  O F  M I C H I G A N

SUPREME COURT

PEOPLE OF THE STATE OF MICHIGAN,

    Plaintiff-Appellant,

v                                                                            No. 131943

NICHOLAS JAMES BUEHLER,

    Defendant-Appellee.

_____

    WEAVER, J. (*concurring*).  I concur in the result reached by the majority, but I write separately to note that as stated in my partial dissent and partial concurrence in *People v Babcock,* 469 Mich 247, 280-284; 666 NW2d 231 (2003), a trial court need only state "a substantial and compelling reason for that departure . . . ." MCL 769.34(3).  Because the trial court departed from the mandatory sentencing guidelines, but did not state on the record "a substantial and compelling reason" for departure, defendant's sentence is invalid under the sentencing guidelines.

                              Elizabeth A. Weaver