# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

PARRISH LEMONTE ROBINSON,

Defendant-Appellant.

UNPUBLISHED
June 15, 2017

No. 332148
Kalamazoo Circuit Court
LC No. 2015-001239-FH

Before: GADOLA, P.J., TALBOT, C.J., and GLEICHER, J.

PER CURIAM.

Defendant appeals as of right his convictions of domestic violence—third offense, MCL 750.81(4), and unarmed robbery, MCL 750.530. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12, to 24 to 180 months' imprisonment for the domestic violence conviction and 96 to 360 months' imprisonment for the unarmed robbery conviction. Defendant's sentences are concurrent. We affirm.

## I. BACKGROUND

A jury convicted defendant of domestic violence and unarmed robbery for assaulting his former girlfriend, Tracey Satchell, and forcibly removing her partial denture during the assault on September 5, 2015. When Satchell tried to leave her home to avoid a confrontation with defendant regarding their relationship, defendant prevented her from leaving, hit her repeatedly, and violently pried her mouth open to steal her partial denture so other men would not look at her and want to be with her. He drove off with Satchell's partial denture and threw it away even though he knew Satchell needed it and could not afford to replace it.

Satchell followed defendant in another car to an apartment, hoping to retrieve her partial denture, but once at the apartment, defendant physically attacked her again. Satchell called 911 and when the police responded, they found Satchell crying and very upset. Defendant ran away and locked himself into a nearby apartment. When the police finally arrested defendant and took him outside, he yelled repeatedly toward Satchell that he had thrown her partial denture into a dumpster. Satchell's arm, face, and lip were injured during the attack.

-1-

## II. INEFFECTIVE ASSISTANCE OF COUNSEL

Defendant first argues that he was denied the effective assistance of counsel because defense counsel failed to request a jury instruction on larceny from the person, which, defendant argues, is a necessarily included lesser offense of unarmed robbery. We disagree.

Whether a defendant has been denied the effective assistance of counsel is a mixed question of fact and constitutional law. *People v LeBlanc*, 465 Mich 575, 579; 640 NW2d 246 (2002). Appellate courts review a trial court's findings of fact for clear error and review constitutional questions de novo. *Id.* In cases, such as this one, in which a defendant failed to move for a new trial or a *Ginther*[1] hearing in the trial court, our review is limited to mistakes apparent on the record. *People v Payne*, 285 Mich App 181, 188; 774 NW2d 714 (2009).

A defendant asserting a claim of ineffective assistance of counsel bears the burden of establishing that "(1) counsel's performance fell below an objective standard of reasonableness and (2) but for counsel's deficient performance, there is a reasonable probability that the outcome would have been different." *People v Trakhtenberg*, 493 Mich 38, 51; 826 NW2d 136 (2012). "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *People v Carbin*, 463 Mich 590, 600; 623 NW2d 884 (2001) (quotation marks and citation omitted). We presume that defense counsel provided effective assistance. *People v Seals*, 285 Mich App 1, 17; 776 NW2d 314 (2009). Further, this Court does not "second-guess counsel on matters of trial strategy, nor does it assess counsel's competence with the benefit of hindsight." *People v Russell*, 297 Mich App 707, 716; 825 NW2d 623 (2012).

Defendant is incorrect that larceny from the person is a necessarily included lesser offense of unarmed robbery. See *People v Smith-Anthony*, 494 Mich 669, 687 n 53; 837 NW2d 415 (2013). In *Smith-Anthony*, our Supreme Court explained that a person commits larceny from the person "by stealing from 'the person of another,' " *id.* at 676, quoting MCL 750.357, which "requires the victim to be immediately present when the property is taken," *Smith-Anthony*, 494 Mich at 683. Before 2004, the Michigan robbery statute "prohibited using force or violence to 'steal and take *from the person of another*, or in his presence[.]' " *Id.* at 686, quoting MCL 750.530, as enacted by 1931 PA 328 (emphasis and alteration in *Smith-Anthony*). However, in 2004, the Michigan Legislature removed the phrase "from the person of another" and amended the robbery statute to "prohibit anyone who is 'in the course of committing a larceny of any money or other property' from using 'force or violence against *any person who is present*[.]' " *Id.* at 686, quoting MCL 750.530 (alteration in *Smith-Anthony*). The *Smith-Anthony* Court explained that the 2004 amendments codified a transactional theory of robbery, which "allows a robbery conviction even where a defendant uses force for the first time after completing a taking . . . ." *Id.* at 686. The Court explained, then, that as a result of the amendments, "robbery does not require that the taking have been made in the 'immediate presence' of the victim." *Id.* at 687 n 53. "As a result, larceny-from-the-person is no longer a necessarily included lesser offense of robbery." *Id.* Accordingly, the premise of defendant's claim of ineffective assistance fails.

---

[1] *People v Ginther*, 390 Mich 436; 212 NW2d 922 (1973).

Moreover, even if larceny from the person was a necessarily included lesser offense, counsel's decision not to request a jury instruction on the offense would not constitute ineffective assistance of counsel. Defense counsel has wide discretion regarding matters of trial strategy. *People v Heft*, 299 Mich App 69, 83; 829 NW2d 266 (2012). This Court has long held that the decision to proceed with an "all or nothing" defense is a legitimate trial strategy. *People v Nickson*, 120 Mich App 681, 687; 327 NW2d 333 (1982).

Further, "[a]n inferior-offense instruction is appropriate only when a rational view of the evidence supports a conviction for the lesser offense." *People v Mendoza*, 468 Mich 527, 545; 664 NW2d 685 (2003). A rational review of the evidence in this case does not support defendant's contention that he was entitled to an instruction on larceny from the person. Larceny from the person does not require the use of force or violence and is thereby distinguished from the offense of robbery. See *People v Lee*, 243 Mich App 163, 168; 622 NW2d 71 (2000). In this case, the uncontroverted testimony at trial established that defendant slapped and punched Satchell repeatedly before he stole her partial denture by violently prying it out of her mouth while she was on the floor. Therefore, defendant has not shown that he was entitled to an instruction on larceny from the person or that counsel provided ineffective assistance.

## III. OFFENSE VARIABLE (OV) 7

Defendant next argues that the trial court improperly assessed 50 points for OV 7, MCL 777.37, which allows an assessment of points for "aggravated physical abuse." "Under the sentencing guidelines, the circuit court's factual determinations are reviewed for clear error and must be supported by a preponderance of the evidence." *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). "Whether the facts, as found, are adequate to satisfy the scoring conditions prescribed by statute, i.e., the application of the facts to the law, is a question of statutory interpretation, which an appellate court reviews de novo." *Id.*

Under the sentencing guidelines in effect at the time defendant committed the offense, MCL 777.37(1)(a), as amended by 2002 PA 137,[2] provided that 50 points should be assessed if "[a] victim was treated with sadism, torture, or excessive brutality or conduct designed to substantially increase the fear and anxiety a victim suffered during the offense." The statute defines "sadism" to mean "conduct that subjects a victim to extreme or prolonged pain or humiliation and is inflicted to produce suffering or for the offender's gratification." MCL 777.37(3). The victim testified that during the assault, defendant kept "hitting [her]" and "pushing [her] back" until she was on the floor. She explained, "I don't know exactly how long it lasted, but it seemed like a long time, to the point where I couldn't fight back anymore." The victim stated that defendant then began prying her mouth open so he could remove her partial

---

[2] Effective January 5, 2016, the Legislature amended MCL 777.37(1)(a) to allow an assessment of 50 points if "[a] victim was treated with sadism, torture, excessive brutality, *or similarly egregious conduct* designed to substantially increase the fear and anxiety a victim suffered during the offense." MCL 777.37(1)(a), as amended by 2015 PA 137 (emphasis added). Because this amendment went into effect after the defendant committed the sentencing offense, it is inapplicable. See MCL 769.34(2); *People v Buehler*, 477 Mich 18, 24; 727 NW2d 127 (2007).

denture. The victim testified that the partial denture was very expensive and that defendant knew she would have a difficult time replacing it because of the cost. She testified that the partial denture was very important to her because it helped "with my speech, to eat, just—overall self-esteem as a younger woman." The victim also testified that defendant said he wanted to take the partial denture "so no one else would . . . want to look at me or be with me," and that he injured her mouth when he forcibly removed the denture. Evidence also showed that defendant yelled repeatedly at the victim that he had thrown her denture into a dumpster. The evidence was sufficient to support a finding that defendant forcibly removed the victim's partial denture, an item which had no value to him, and attempted to dispose of it for the sole purpose of causing the victim prolonged humiliation and inflicting suffering for his own gratification. Considering this evidence, the trial court did not err by concluding that a preponderance of the evidence supported an assessment of 50 points under OV 7 because the defendant treated the victim with sadism.

Further, regarding the "conduct designed to substantially increase the fear and anxiety a victim suffered" category, in *Hardy*, 494 Mich at 443, our Supreme Court explained that "a defendant's conduct does not have to be 'similarly egregious' to 'sadism, torture, or excessive brutality' for OV 7 to be scored at 50 points . . . ." "The relevant inquiries are (1) whether the defendant engaged in conduct beyond the minimum required to commit the offense; and, if so, (2) whether the conduct was intended to make a victim's fear or anxiety greater by a considerable amount." *Id.* at 443-444. At defendant's sentencing hearing, the prosecution argued that "the whole purpose of stealing the teeth was to make the domestic violence that much worse," when considered along with expert testimony from trial, which explained that an abuser will often try to make a victim feel as if no one else would want the victim so there is no choice but to stay with the abuser. The court agreed, stating that "this in my view of conducting the trial here, was an activity that did substantially increase the fear and anxiety the victim suffered and that was the point of it." Considering the facts set forth earlier in this opinion, we conclude that a preponderance of the evidence established that the defendant's conduct was

"designed to substantially increase the fear and anxiety" the victim suffered during the offense, former MCL 777.37(1)(a), such that the court did not err by assessing 50 points under OV 7.[3]

Affirmed.

/s/ Michael F. Gadola
/s/ Michael J. Talbot
/s/ Elizabeth L. Gleicher

---

[3] Admittedly, the trial court did not mention or explicitly follow the inquiry structure for the "conduct designed" category set forth by *Hardy*, 494 Mich at 442-443 (explaining that, to determine whether a defendant's conduct was designed to substantially *increase* fear, "a court must first determine a baseline for the amount of fear and anxiety experienced by a victim of the type of crime or crimes at issue"). In our assessment, the trial court considered the nature of the offense committed by defendant, the physical evidence admitted at trial, and the uncontroverted testimony of trial witnesses to render its assessment of 50 points under OV 7. Considering the record evidence set forth in this opinion, as well as the fact that the evidence was sufficient to support an assessment of 50 points under the "sadism" category of MCL 777.37(1)(a), we find no actionable error arising from the trial court's conduct.