# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
November 21, 2017

v

LAKEISHA NICOLE GUNN,

Defendant-Appellant.

No. 333317
Wayne Circuit Court
LC No. 13-004566-01-FH

Before: MURRAY, P.J., and FORT HOOD and GLEICHER, JJ.

GLEICHER, J. (*dissenting*).

The issue presented is whether defendant Lakeisha Gunn's sentence of 15 to 30 years' imprisonment for second-degree arson is invalid, entitling her to resentencing. The majority holds that because Gunn's minimum sentence falls within "the appropriate guidelines range," resentencing is not required. I believe Gunn's sentence represents a departure, and respectfully dissent.

When Gunn was first sentenced in 2013, the probation department calculated her sentencing guidelines only for the higher crime class offense, placing explosives on or near property, MCL 750.207(2)(b), and not for second-degree arson, MCL 750.73(1). The trial court selected the same minimum sentence for both crimes (15 years), which amounted to a departure sentence for Gunn's arson offense. Since Gunn would serve the longer sentence anyway, the departure made no practical difference; any error in imposing it was harmless. But when the trial court resentenced Gunn in 2016 and reduced her sentence for the higher crime class offense, the departure sentence for arson was harmless no more. Because the trial court neglected to justify Gunn's departure sentence for second-degree arson, I would hold that sentence invalid and would remand for a third resentencing to permit the trial court to either sentence Gunn within the applicable guidelines, or to justify the departure sentence it imposed.

I rest my reasoning on several related rules. First, at the time Gunn committed the offenses of conviction, second-degree arson was a class D felony; it is now a class B offense.[1] MCL 769.34(2) provides in relevant part that a defendant's sentence "shall be within the appropriate sentence range under the version of those sentencing guidelines in effect on the date the crime was committed." As a class D felony, the guidelines' minimum sentencing range for second-degree arson was 34 to 100 months for a third habitual offender such as Gunn. Her minimum sentence (180 months) is well above that range. And although a sentencing court has discretion to depart from the guidelines, it must explain why the sentence it has elected to impose is more proportionate to the offense and the offender than a within-guidelines sentence would be. Despite two resentencing hearings, the court has not justified either the departure or its extent.

A brief review of the procedural history of this case helps explain this omission. In Gunn's initial appeal, we held that the trial court had mistakenly sentenced Gunn for a crime she did not commit (placing explosives on or near property, MCL 750.207(2)(b)) rather than her actual crime of conviction (placing an offensive or injurious substance in or near real property with intent to injure or damage property. MCL 750.209(1)(b)). We vacated Gunn's sentence for placing explosives on real property and ordered that she be resentenced on the correct conviction. Gunn filed an application for leave to appeal in the Supreme Court challenging other aspects of our initial opinion, including whether judicial fact-finding entitled her to resentencing under *Alleyne v United States*, 570 US 99; 133 S Ct 2151; 186 L Ed 2d 314 (2013). The Supreme Court affirmed but for the *Alleyne* claim; pursuant to *People v Lockridge*, 498 Mich 358; 870 NW2d 894 (2015), the Supreme Court remanded for a determination of whether the trial court would have imposed a materially different sentence had its discretion not been unconstitutionally constrained.

On remand, the trial court expressed confusion about whether the Supreme Court intended *both* of Gunn's sentences to be subject to the *Lockridge* remand, or only the sentence for the higher crime-class offense (placing an offensive or injurious substance in or near real property with intent to injure or damage property). The court acknowledged that the arson sentence was "really based on" the sentence for placing an offensive or injurious substance in or near real property, and observed that it was not required to score the guidelines for the arson conviction, a class D offense, given that they had been scored for the more serious class B offense. See *People v Lopez*, 305 Mich App 686; 854 NW2d 205 (2014). Gunn's counsel suggested that the two offenses should be treated differently "as far as remedy is concerned," but the trial court declined to do so. Instead, it announced that it would have imposed the same sentences even absent the unconstitutional constraint on its discretion.

The trial court then turned to this Court's order for resentencing on the more serious of the two convictions. To fulfill this Court's mandate, the trial court ordered an updated presentence report based on the correct crime of conviction. At the subsequent (second)

---

[1] Effective October 1, 2013, the Legislature amended MCL 771.6c, which had deemed "arson of real property" to be a class D offense, to reflect that "second degree arson" constituted a class B crime. Gunn committed the arson in April 2013.

resentencing hearing, the court considered a sentencing memorandum prepared on Gunn's behalf, which included a report submitted by a social worker familiar with Gunn's conduct during her incarceration. Gunn also addressed the court. Based on the mitigating circumstances brought to the court's attention, the court reduced Gunn's minimum sentence from 15 to 10 years for the injurious substance conviction. But the court refused to reconsider Gunn's arson sentence based on the court's expressed belief that it was "valid" when imposed. As a result, Gunn is now serving an unexplained departure sentence for second-degree arson, and a sentence within the guidelines for the higher crime category offense, despite that both convictions arise from precisely the same conduct.

I acknowledge that *initially* the probation department was required to score only the higher crime classification offense, as Gunn would serve her sentences concurrently. *People v Mack,* 265 Mich App 122; 695 NW2d 342 (2005).[2] This Court explained in *Lopez* that the probation department is not obligated to score a minimum sentence range for a concurrent conviction of a lower-crime-class offense because

> except in possibly an extreme and tortured case, the guidelines range for the conviction with the highest crime classification will be greater than the guidelines range for any other offense. Given that the sentences are to be served concurrently, the guidelines range for the highest-crime-class offense would subsume the guidelines range for lower-crime-class offenses, and there would be no tangible reason or benefit in establishing guidelines ranges for the lower-crime-class offenses. [*Lopez*, 305 Mich App at 691-692.]

While I'm not sure that the phrase "extreme and tortured" applies here, both *Mack* and *Lopez* nevertheless prophesied the problem this case presents: a departure sentence lacking an articulated justification. In *Mack*, we specifically questioned "whether a sentence for a conviction of the lesser class felony that is not scored under the guidelines . . .could permissibly exceed the sentence imposed on the highest crime class felony and remain proportional." *Mack*, 265 Mich App at 129. And in *Lopez*, the majority reiterated concern that a conviction for a lesser class felony not scored under the guidelines could wind up exceeding the guidelines for that crime. *Lopez*, 305 Mich App at 692. This case exemplifies the departure dilemma predicted in *Lopez* and *Mack*.

In *People v Steanhouse*, 500 Mich 453; 902 NW2d 327 (2017), the Supreme Court emphasized that although the sentencing guidelines are now advisory rather than mandatory, a sentence must be proportional. "The principal of proportionality" has guided sentencing at least since the Court's decision in *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990). Pursuant to that principal,

---

[2] I respectfully disagree with *Mack's* reasoning. See *Lopez*, 305 Mich App at 696 (GLEICHER, J., concurring in part and dissenting in part).

a judge helps to fulfill the overall legislative scheme of criminal punishment by taking care to assure that the sentences imposed across the discretionary range are proportionate to the seriousness of the matters that come before the court for sentencing. In making this assessment, the judge, of course, must take into account the nature of the offense and the background of the offender. [*Id*. at 651.]

When applying the *Milbourn* proportionality standard, "the guidelines 'remain a highly relevant consideration in a trial court's exercise of sentencing discretion' that trial courts 'must consult' and 'take . . .into account when sentencing.' " *Steanhouse*, 500 Mich at 475. And courts must also continue to "justify the sentence imposed in order to facilitate appellate review." *Id*. at 470.

I would hold that the trial court violated the principal of proportionality by imposing a departure sentence for second-degree arson without justifying its reasons for doing so. Scoring only the higher crime class makes sense from an efficiency perspective when a defendant's sentence for the lower crime class offense is within the guidelines and will necessarily be subsumed by a longer sentence. That was the case before Gunn was resentenced for the second time. But the trial court's decision to significantly reduce Gunn's sentence for the higher crime class offense eliminated the rationale for scoring only the higher crime class felony, and thereby also created a departure sentence for second-degree arson. The "principal of proportionality" dictates that the trial court tailor a defendant's sentence to the circumstances surrounding the offense and the qualities of the offender. Here, the two convictions are for precisely the same conduct. The information relayed at the second resentencing hearing persuaded the trial court to reduce Gunn's sentence for the higher crime class offense. No reasons have been offered for departing upward by almost doubling the applicable highest permissible minimum sentence for second-degree arson.

I would hold that because the trial court failed to justify this departure sentence, it qualifies as invalid. Contrary to the trial court's belief and the majority's reasoning, the trial court was empowered to correct an invalid sentence. See MCR 6.429 (A); *People v Buehler*, 477 Mich 18, 28; 727 NW2d 127 (2007) ("Defendant's probationary sentence is a departure from the appropriate guidelines sentence range, and the trial court failed to articulate substantial and compelling reasons for the departure on the record as required by MCL 769.34(3). Because defendant's sentence is invalid, we reverse the judgment of the Court of Appeals and remand the case to the Ottawa Circuit Court for an articulation of substantial and compelling reasons on the record or resentencing."). I would remand for resentencing.

/s/ Elizabeth L. Gleicher

-4-