# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

RICHARD MARQUEZ,

        Defendant-Appellant.

UNPUBLISHED
August 2, 2018

No. 339856
Ottawa Circuit Court
LC No. 16-040569-FH

---

Before: HOEKSTRA, P.J., and MURPHY and MARKEY, JJ.

PER CURIAM.

Defendant, Richard Marquez, appeals by right his convictions and sentences for three counts of second-degree criminal sexual conduct (CSC-II) under MCL 750.520c(1)(a) (sexual contact with a victim under 13 years of age). We affirm.

Defendant has a 30-year history of sexually molesting young girls who lived in his home. Defendant was first convicted of CSC-II for sexually abusing his wife's daughter from a prior relationship. Defendant committed penile-oral penetration against the daughter, who was only two to three years old, and she contracted a sexually transmitted disease from defendant as a result of his conduct. Defendant was sentenced to jail time and probation for this first criminal sexual conduct conviction. Defendant was next convicted of two counts of CSC-II for sexually abusing his second wife's daughter from a prior relationship. Defendant sexually molested the daughter, who was nine years old, and she was hospitalized twice for rectal bleeding as a result of his digital-anal penetration against her. Defendant was sentenced to approximately 10 years in prison for his second and third convictions of CSC-II. Notably, defendant pleaded guilty to the first, second, and third CSC-II offenses involving young girls who lived in his household.

Defendant was next convicted by a jury of three counts of CSC-II, in the current case, for sexually abusing his girlfriend's daughter from a prior relationship. Defendant sexually molested the daughter, who was 10 years old, on a recurrent basis while the young girl's mother was at work. The trial court sentenced defendant to a term of 35 to 60 years' imprisonment for Counts I and II and sentenced defendant to a term of 40 to 60 years' imprisonment for Count III, as a fourth-offense habitual offender, MCL 769.12.

## I. ADMISSION OF OTHER-ACTS EVIDENCE

Defendant first challenges the admission of other-acts evidence under MCL 768.27a(1), arguing that the testimony of his prior child victims should have been excluded under MRE 403 because the probative value of that testimony was substantially outweighed by the danger of unfair prejudice. We conclude that defendant's argument is without merit.

"Preserved evidentiary rulings are reviewed for an abuse of discretion." *People v Unger*, 278 Mich App 210, 216; 749 NW2d 272 (2008). "The decision whether to admit evidence falls within a trial court's discretion and will be reversed only when there is an abuse of that discretion. A trial court abuses its discretion when its decision falls outside the range of reasonable and principled outcomes." *People v Duncan*, 494 Mich 713, 722-723; 835 NW2d 399 (2013). We review de novo a trial court's decision concerning a preliminary question of law, such as the interpretation of the rules of evidence. *Id*. at 723. A preserved, non-constitutional, evidentiary error "is presumed not to be a ground for reversal unless it affirmatively appears that, more probably than not, it was outcome determinative." *People v Krueger*, 466 Mich 50, 54; 643 NW2d 223 (2002). An error is outcome determinative when it undermines the reliability of the verdict. *Id*.

Generally, "[e]vidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith," even if the evidence is relevant. MRE 404(b)(1). Contrary to this general rule, MCL 768.27a(1) specifically permits evidence of a defendant's previous sexual misconduct against a minor. *People v Solloway*, 316 Mich App 174, 193; 891 NW2d 255 (2016). MCL 768.27a(1) states in relevant part:

> Notwithstanding section 27, in a criminal case in which the defendant is accused of committing a listed offense against a minor, evidence that the defendant committed another listed offense against a minor is admissible and may be considered for its bearing on any matter to which it is relevant.

The testimony from defendant's prior victims regarding the sexual abuse that they suffered at his hands qualified as evidence that defendant committed another listed offense against a minor. See MCL 768.27a(2); MCL 28.722. The testimonies of the two witnesses was relevant, and thus admissible, because that testimony showed defendant's propensity to commit sexual abuse against young girls living in the same household and lent credibility to the testimony of the victim in this case. See MCL 768.27a(1); *Solloway*, 316 Mich App at 193 (noting evidence permitted under MCL 768.27a is relevant and admissible to show propensity).

Evidence admissible under MCL 768.27a remains subject to MRE 403; it may be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice. *People v Watkins*, 491 Mich 450, 481; 818 NW2d 296 (2012). But "when applying MRE 403 to evidence admissible under MCL 768.27a, courts must weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *Id*. at 487. Some factors courts should consider concerning unfair prejudice include:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for

evidence beyond the complainant's and the defendant's testimony. [*Id*. at 487-488.]

In this case, the trial court found that there was a significant degree of similarity between the charged offense and the prior offenses. The trial court's finding was supported by the fact that all three victims testified that they knew defendant because he was in a relationship with their mother and lived in their household. Defendant committed the acts when he was the adult caring for the victims. Because the trial court found multiple events and multiple convictions of sexual abuse of the prior victims, the acts were not infrequent but rather formed a pattern of behavior. There was no issue with a lack of reliability of the evidence supporting the occurrence of the other acts because defendant pleaded guilty to acts of criminal sexual conduct against the two prior victims. Furthermore, there was no need for additional evidence beyond the testimony of the victim in the current case because her testimony could have established all the elements of CSC-II by itself. See MCL 750.520h. We conclude that the trial court did not abuse its discretion in weighing the *Watkins* factors and admitting the testimony of defendant's prior victims. See MCL 768.27a(1); *Duncan*, 494 Mich at 722-723; *Watkins*, 491 Mich at 487-488. Therefore, we affirm defendant's convictions.

## II. SENTENCING

Defendant next argues that the trial court erred when it sentenced him to a term of 35 to 60 years' imprisonment for Counts I and II and sentenced him to a term of 40 to 60 years' imprisonment for Count III, as a fourth-offense habitual offender, MCL 769.12. We disagree.

Defendant was convicted of three counts of CSC-II, a Class C felony. MCL 777.16y. After the trial court scored the sentencing guidelines, defendant had a prior record variable (PRV) score of 75 points and an OV score of 50 points. These scores placed defendant in PRV Level F and OV Level V. The minimum sentence range was therefore 58 to 114 months' imprisonment. MCL 777.64. However, because defendant was sentenced as a fourth-offense habitual offender, the upper limit of the recommended minimum sentence range was increased by 100%, making the minimum sentence range 58 to 228 months' imprisonment. MCL 777.21(3)(c). After scoring the guidelines and calculating the minimum sentence range, the trial court concluded that defendant was subject to a 25-year mandatory minimum sentence pursuant to MCL 769.12(1)(a).

Defendant contends that the trial court erred in holding that defendant was subject to a 25-year mandatory minimum sentence pursuant to MCL 769.12(1)(a). That statute provides:

(1) If a person has been convicted of any combination of 3 or more felonies or attempts to commit felonies, . . . and that person commits a subsequent felony within this state, the person shall be punished upon conviction of the subsequent felony and sentencing under section 13 of this chapter as follows:

(a) If the subsequent felony is a serious crime or a conspiracy to commit a serious crime, and 1 or more of the prior felony convictions are listed prior felonies, the court shall sentence the person to imprisonment for not less than 25

years. Not more than 1 conviction arising out of the same transaction shall be considered a prior felony conviction for the purposes of this subsection only.

Therefore, in order for MCL 769.12(1)(a) to apply in this case, (1) defendant must have committed three or more prior felonies, (2) defendant must have been convicted of a subsequent felony that qualified as a serious crime, and (3) one or more of the prior felony convictions are listed prior felonies. Importantly to this case, not more than one conviction arising out of the "same transaction" can be considered as a prior felony conviction for purposes of this statute. On appeal, defendant challenges the trial court's factual finding that his two 1999 convictions for CSC-II did not arise out of the "same transaction." The parties agree that, if defendant's two 1999 convictions for CSC-II arose from the "same transaction," MCL 769.12(1)(a) does not apply and defendant was not subject to a 25-year mandatory minimum sentence.

This Court reviews de novo questions of statutory interpretation. *People v Buehler*, 477 Mich 18, 23; 727 NW2d 127 (2007). However, this Court reviews for clear error the trial court's findings of fact regarding defendant's 1999 convictions for CSC-II. See *People v Hardy*, 494 Mich 430, 438; 835 NW2d 340 (2013). A trial court's findings of fact are clearly erroneous if, after a review of the entire record, the appellate court is left with a definite and firm conviction that a mistake has been made. *People v McSwain*, 259 Mich App 654, 682; 676 NW2d 236 (2003). Under this standard, reviewing courts give less deference to the factual findings of trial judges than to the factual findings of juries, even though the trial court's findings still have great weight. Further, a trial court's factual findings may be clearly erroneous even when there is some evidence to support them. *Id*. at 682-683.

At sentencing, defendant did not dispute his fourth-offense habitual offender status, but he did object to the applicability of the 25-year mandatory minimum sentence, arguing that MCL 769.12(1)(a) did not apply because his two convictions of CSC-II from 1999 were part of the "same transaction." Defendant argued that the 1999 convictions involved a single victim and conduct that occurred on a single date. The trial court examined the presentence investigation report (PSIR) from defendant's 1999 conviction of CSC-II in an attempt to determine whether defendant's two 1999 convictions for CSC-II arose from the "same transaction." The trial court concluded that the 1999 convictions arose from two separate offense dates occurring approximately one year apart. Therefore, the trial court concluded that the two convictions could not be part of the "same transaction," and the trial court held that defendant was subject to a mandatory minimum sentence of 25 years' imprisonment pursuant to MCL 769.12(1)(a).

Based on our review of the 1999 presentence report, we conclude it fully supports the trial court's factual determination that defendant's two 1999 CSC-II convictions were the result of two separate incidents that were separated in time by about one year.

The agent's description of the facts contained in the 1999 PSIR indicated that the nine-year-old victim was hospitalized twice for rectal bleeding. The first occasion was on February 25, 1998, and the second occasion was on January 7, 1999. This portion of the PSIR states "[t]he second offense occurred on or about 1/7/1999" and further that the victim was hospitalized "due to rectal bleeding was very likely the result of [defendant's] first assault on" the victim. The general narrative in the PSIR clearly is written in way consistent only with defendant having committed two separate CSC offenses against the same victim in the same manner on separate

-4-

occasions. The report twice specifically refers to the incident on January 7, 1999, as being "[t]he second offense." Furthermore, under the criminal history section of the PSIR, it lists the following: "2/25/1998 . . . CSC 2nd . . . instant offense" and "1/7/1999 . . . CSC 2nd . . . instant offense." Because the evidence supports the trial court's factual finding, we conclude the trial court did not clearly err. *Hardy*, 494 Mich at 438. We are certainly not, after a review of the entire record, left with a definite and firm conviction that a mistake has been made. *McSwain*, 259 Mich App at 682. Consequently, the trial court did not err by applying MCL 769.12(1)(a) to defendant and ruling defendant was subject to a 25-year mandatory minimum sentence.

Defendant next argues that the sentences the trial court imposed were disproportionate to the offense and the offender. We disagree.

When a trial court exercises its discretion to depart from the sentencing guidelines, that sentence will be reviewed by an appellate court for reasonableness. *People v Lockridge*, 498 Mich 358, 365; 870 NW2d 502 (2015). "[T]he standard of review to be applied by appellate courts reviewing a sentence for reasonableness on appeal is abuse of discretion." *People v Steanhouse*, 500 Mich 453, 471; 902 NW2d 327 (2017). "[T]he proper inquiry when reviewing a sentence for reasonableness is whether the trial court abused its discretion by violating the principle of proportionality . . . which requires sentences imposed by the trial court to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Id*. at 459-460 (quotation marks and citation omitted). A trial court abuses its discretion when it chooses an outcome falling outside the range of principled outcomes. *People v Babcock*, 469 Mich 247, 269; 666 NW2d 231 (2003).

Because defendant was subject to a 25-year mandatory minimum sentence, MCL 769.12(1)(a), the minimum sentence guidelines range 58 to 228 months' imprisonment must necessarily be exceeded. The trial court imposed sentences of 35 to 60 years' imprisonment on Counts I and II, and 40 to 60 years' imprisonment on Count III. Although these sentences exceeded the sentencing guidelines range, we conclude that the trial court did not abuse its discretion in imposing these sentences, which were proportionate to the offense and to the offender. *Steanhouse*, 500 Mich at 459-460.

The trial court justified its upward departure on the following factors: (1) defendant's sexual abuse of the victim in this case involved repeated offenses occurring over an extended period of time; (2) the effect of defendant's sexual assaults on the psyche of the child victim; (3) defendant showed no remorse for his actions; (4) defendant was not under the influence of drugs or alcohol and the crimes were not youthful indiscretions; and (5) defendant had done nothing to avoid temptation but instead repeatedly sought out additional victims; (6) this conviction represented defendant's third group of criminal sexual conduct convictions; (7) defendant demonstrated a three-decade long history of repeatedly sexually abusing prepubescent females; (8) defendant repeatedly raped young girls while the girls were left in his care when their mothers were working; (9) defendant engaged in a preplanned course of sexual abuse; (10) the increasingly severe sanctions imposed on defendant for sexually assaulting young girls, including jail time, probation, and prison, had failed to dissuade defendant from continuing to sexually assault young females living in his household; (11) defendant's continuing abuse of young females was only interrupted by the decade defendant spent in prison for sexually assaulting a different young girl who also lived in his household; (12) after being charged in this

case, defendant began a relationship with a new girlfriend who had young grandchildren, therefore repeating his pattern of seducing single women in order to obtain access to their young female children or grandchildren; (13) defendant was convicted of domestic violence while out on bond for the current offenses; and (14) defendant had no chance for rehabilitation.

Defendant first argues that his prior criminal record is "not particularly remarkable," and "is not egregious." Defendant also points out the trial court's statement that the number of defendant's prior felony convictions was "not abnormally high" when compared to other habitual criminals. We conclude that defendant's argument on this point has no merit. The trial court described defendant as a serial child rapist. Despite defendant's protestations that this moniker constitutes a gross exaggeration, we agree that it is an accurate description. Defendant transmitted herpes to a child between two and three years of age when he committed an act of penile-oral penetration on her. Defendant then sent a different victim to the hospital for rectal bleeding on two separate occasions, when she was 9 or 10 years old, because he repeatedly committed acts of digital-anal penetration on her. Defendant then subjected the current, 10-year-old victim to simulated penile-vaginal intercourse when he rubbed his erect penis against the young victim's vaginal area. We conclude that the trial court did not err or exaggerate in describing defendant as a serial child rapist.

Defendant next argues that his prior record, including the increasingly severe penalties he had been subjected to, had already been taken into account when the trial court scored the PRVs. A trial court may "not base a departure on an offense characteristic or offender characteristic already taken into account in determining the appropriate sentence range unless the court finds from the facts contained in the court record, including the presentence investigation report, that the characteristic has been given inadequate or disproportionate weight." MCL 769.34(3). We note initially that on the basis of the application of MCL 769.12(1)(a), the sentence guidelines as a whole gave disproportionate weight to defendant's criminal history.

The trial court assessed 50 points for PRV 1, five points for PRV 2, and 20 points for PRV 7, for a total of 75 PRV points. PRV 1 is assessed 50 points if the offender has two prior high severity felony convictions, MCL 777.51. PRV 2 is assessed five points if the offender has one prior low severity felony conviction. MCL 777.52. PRV 7 is assessed 20 points if the offender has two or more subsequent or concurrent convictions. MCL 777.57(1)(a). Defendant's argument therefore relates to the assessment of 50 points for PRV 1 due to defendant's two prior high severity felony convictions because his prior low severity felony conviction and his concurrent convictions do not relate to his prior convictions for CSC-II. However, contrary to defendant's argument, PRV 1 only addressed the number of defendant's prior high severity felony convictions. The scoring of that PRV did not address the fact that defendant continued to engage in the same pattern of predatory behavior over time and that he was not dissuaded from his preplanned course of conduct because of the increasingly severe penalties imposed upon him over time. Therefore, we conclude that defendant's argument on this point is without merit.

Defendant also argues that the trial court erroneously found that the preplanned nature of his sexual assaults in this case had already been taken into account by the assessment of 15 points for OV 10 for predatory behavior. OV 10 applies to the exploitation of a vulnerable victim, and a trial court should assess 15 points for OV 10 if the offense involved predatory

conduct. MCL 777.40(1)(a). In this case, the trial court assessed 15 points for OV 10. To the extent that defendant's argument on this point has merit, we note that the guidelines are advisory only, and any error of scoring by the trial court does not affect the reasonableness of defendant's sentence based on defendant's lengthy history of destructive predatory conduct. *Steanhouse*, 500 Mich 453 at 459-460; *Lockridge*, 498 Mich at 365.

Nonetheless, even assuming that defendant's argument is correct and that the trial court was not permitted to base its departure sentence on the preplanned nature of defendant's repeated sexual assaults of young girls left in his care, we conclude that the trial court expressed other grounds sufficient to support the sentences imposed for defendant's convictions. The trial court did not abuse its discretion in sentencing defendant, but appropriately exercised that discretion and imposed a reasonable sentence, *Lockridge*, 498 Mich at 365, that was proportionate to the seriousness of the circumstances surrounding the offense and the offender, *Steanhouse*, 500 Mich at 460. We cannot conclude that the sentences imposed by the trial court were outside the range of principled outcomes. *Babcock*, 469 Mich at 269. Therefore, we affirm defendant's sentences.

We affirm.

/s/ Joel P. Hoekstra
/s/ William B. Murphy
/s/ Jane E. Markey